333 Mich. 435 (1952)
53 N.W.2d 321
BONNEY
v.
CITIZENS' MUTUAL AUTOMOBILE INSURANCE COMPANY.
Docket No. 73, Calendar No. 45,237.
Supreme Court of Michigan.
Decided May 16, 1952.
Messner & LaBine, for plaintiffs.
Donald E. Rhodes, for defendant.
BUSHNELL, J.
This is an appeal from a summary judgment against defendant Citizens' Mutual Automobile Insurance Company in favor of plaintiffs Chester Bonney and John P. McGinty in the sum of $500 each. On May 15, 1948, Citizens' Mutual issued a policy to Bonney, which, among other coverage, included the obligation:
"To pay to or for each person who sustains bodily injury, caused by accident and arising out of the use of the automobile classified as `pleasure and business,' while in or upon, entering or alighting from the automobile while the automobile is used by or with the permission of the named assured, the reasonable expense of necessary medical, dental, surgical, ambulance, hospital and professional nursing services and, in the event of death resulting from such injury, the reasonable funeral expense, all incurred within 1 year from the date of accident," et cetera.
*437 On January 19, 1949, the automobile covered by the policy was involved in an accident while being used for "business and pleasure." Both plaintiffs sustained bodily injuries and each incurred, within 1 year from the date of the accident, reasonable medical expenses in excess of $500. The accident was promptly reported and proofs of the expenditures were submitted. Citizens' Mutual refused to reimburse the plaintiffs.
At the trial all the allegations of the declaration were admitted, but the insurance company pleaded as an affirmative defense an exclusion clause in the policy which reads:
"17. COMPANY NOT LIABLE This policy does not apply: * * *
"(f) Under coverage for medical payments, to bodily injury to or death of any person to or for whom benefits are payable under any workmen's compensation law because of such injury or death."
The company averred that both plaintiffs, as employees of the conservation department of the State of Michigan, were entitled to the benefits of the workmen's compensation act (PA 1912 [1st Ex Sess], No 10, as amended [CL 1948, § 411.1 et seq. (Stat Ann 1950 Rev § 17.141 et seq.)]).
In denial of defendant's allegation and in support of their motion for a summary judgment, plaintiffs contend that the circuit court was without jurisdiction to determine whether "benefits are payable," that being a matter solely for the consideration of the workmen's compensation commission. The parties stipulated that no application was ever made or is pending for workmen's compensation, and that no determination was ever made by the commission as to whether plaintiffs were entitled to benefits under the compensation law.
*438 The trial judge, in summarily assessing damages, stated:
"I am of the opinion that were I to sustain the only affirmative defense alleging that plaintiffs are excluded under the insurance policy of the defendant and have no coverage because they come under the provisions af the workmen's compensation act, I would be invading the sole jurisdiction of the workmen's compensation commission. * * * The court finds that it has no jurisdiction on this phase of the case and that there is no merit in defendant's contentions."
Defendant argues that the exclusion clause in the insurance contract means that:
"Anyone who is eligible for benefits under any workmen's compensation law is intended to be excluded from participation in benefits under the medical payments coverage. Nowhere does this contract require the beneficiary, in order to be excluded, to actually receive payments, but merely that benefits must be payable."
Plaintiffs contend that:
"This clause has to mean `benefits are payable under the Michigan compensation law when an award to that effect has been made and becomes final and enforceable under the provisions thereof'."
An ambiguous contract must be construed against the party who prepared it. D.F. Broderick. Inc., v. Continental Credit Corp., 309 Mich 546, 555, and Allor v. Dubay, 317 Mich 281. However, we find no ambiguity in the language of the exclusion clause. Under plaintiffs' theory, we would be required, on the other hand, to read into the insurance contract additional words so that the exclusion clause would say benefits payable under an award of the compensation commission. We can neither make a new *439 agreement for the parties nor, by addition, give it a meaning contrary to its express and unambiguous terms. F.H. McClintock Co. v. Truxell Sales & Service, Inc., 297 Mich 284, 288.
In their argument that the circuit court is without jurisdiction to determine whether benefits are payable under the compensation law, plaintiffs rely upon the following sections of the workmen's compensation act:
"Any controversy concerning compensation shall be submitted to the compensation commission. Neither the payment of compensation nor the accepting of the same by the employee or his dependents, nor the signing of receipts therefor, shall be considered as a determination of the rights of the parties under this act." (Part 3, § 6 [CL 1948, § 413.6 (Stat Ann 1950 Rev § 17.180)].)
"The findings of fact made by the compensation commission acting within its powers, shall, in the absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any final decision or determination of said compensation commission." (Part 3, § 12 [CL 1948, § 413.12 (Stat Ann 1950 Rev § 17.186)].)
"All questions arising under this act shall be determined by the compensation commission." (Part 3, § 16 [CL 1948, § 413.16 (Stat Ann 1950 Rev § 17.190)].)
They also rely on Jesionowski v. Allied Products Co., 329 Mich 209, which says:
"Under the statutes above noted exclusive jurisdiction over the issue thus presented [plaintiff's right to compensation] is conferred upon the compensation commission."
Plaintiffs, however, fail to distinguish between a proceeding in which an employee seeks workmen's compensation from his employer and the instant case *440 in the circuit court where individuals are seeking to recover reimbursements for medical expenses under an insurance policy. A finding by the trial court whether plaintiffs are eligible for compensation would only be for the purpose of determining whether they are entitled to recover under the policy.
The compensation commission possesses statutory exclusive jurisdiction to try certain factual questions. See Dation v. Ford Motor Co., 314 Mich 152, 160 (19 NCCA NS 158), where the Court said:
"It was unquestionably the intention of the legislature that the department in its fact finding capacity should pass on factual issues presented in proceedings brought under the workmen's compensation law." See, also, part 3, § 16, of the compensation act, supra.
The statutory grant of exclusive jurisdiction to the workmen's compensation commission does not deprive a court of the jurisdiction to determine rights arising out of an entirely different relationship and in an entirely different type of proceeding in which the employer and employee relationship is only incidentally involved.
The judgment of the trial court is reversed and the cause is remanded for a new trial, with costs to appellant.
NORTH, C.J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.