An appropriate order may be submitted.

IRA S. JOHNSON, PLAINTIFF, v. THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided September 27, 1961.

318

*Mr. Robert K. Bell,* attorney for plaintiff.

*Mr. Bertram M. Light, Jr.,* argued the cause for defendant (*Messrs. Toner, Crowley, Woelper & Vanderbilt,* attorneys).

FRANCIS, J. C. C. (temporarily assigned). In this action, plaintiff seeks to recover hospital, nursing, medical and surgical expenses incurred by him under two policies issued by the defendant. Defendant denies liability under each policy on the grounds that the alleged expenses sued for are ineligible for payment by the express provisions of the policies, and seeks to have a declaratory judgment requiring the plaintiff to proceed to a determination in the Workmen's Compensation Division.

On or about June 10, 1958 plaintiff applied for a Hospital, Nurse, Medical and Surgical Expense Policy from The United States Life Insurance Company and subsequently defendant issued its policy No. 120315 with the effective date of June 15, 1958. That policy provided:

"THE UNITED STATES
LIFE INSURANCE COMPANY
IN THE CITY OF NEW YORK
A STOCK COMPANY
(herein called the Company)
HEREBY INSURES IRA S. JOHNSON (herein called the Insured) and, subject to the exceptions, limitations and provisions of this policy, promises to pay for loss resulting from injury or sickness to the extent herein provided.
\*       \*       \*       \*       \*       \*       \*       \*
PART II

EXCLUSIONS

This policy does not cover any loss caused by or resulting from (1) injury or sickness for which compensation is payable under any Workmen's Compensation or Occupational Disease Law; \* \* \*."

On or about June 11, 1958 plaintiff applied for a Premier Hospital Expense Policy from The United States Life Insurance Company and subsequently defendant issued its policy No. 33561 with the effective date of July 1, 1958. That policy provided:

"THE UNITED STATES
LIFE INSURANCE COMPANY
IN THE CITY OF NEW YORK
(HEREIN CALLED THE COMPANY)
HEREBY INSURES
The Person named in the Schedule
(Herein called the Insured)
and promises to pay for loss covered by this policy resulting from injury or sickness, subject to the provisions, exceptions and limitations of this policy.

'Injury' wherever used in this policy means bodily injury caused by an accident occurring while this policy is in force * * * for which benefits are not payable under any Workmen's Compensation Law.

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

PART IV.

EXCLUSIONS

This policy does not cover any loss caused or contributed to by (1) injury or sickness for which compensation is payable under any Workmen's Compensation or Occupational Disease Act or Law; * * *."

On or about November 16, 1959 plaintiff, the insured under each policy, each of which was in effect that date, fell while he was attempting to get from a ladder to a scaffolding which he had been erecting against the outside wall of a house located at 907 Brighton Place, Ocean City, New Jersey. As a result of this fall, plaintiff allegedly sustained the injuries for which he seeks recovery in this action.

At the trial proofs disclosed that on November 16, 1959 the apartment house against which the scaffold was erected was owned by the Brighton Apartment Company, a New Jersey corporation; that the Brighton corporation was incorporated in 1936; that Ira S. Johnson was the president, Dorothy MacGauhey was vice-president, and Mrs. Johnson was secretary and treasurer; that 449 shares of stock were

in the name of Ira S. Johnson, 100 shares in the name of Mrs. Johnson, and 1 share in the name of Mrs. MacGauhey; that the Brighton Apartment Company at that time owned three two-family apartment houses which were leased to summer residents and two boardwalk properties, each of which had stores situated thereon which were leased to proprietors during the summer; that Ira S. Johnson had among his duties the leasing of the premises, the arranging for the maintenance and repairs to the premises, the paying of taxes, the collecting of some of the rents, the handling of complaints, and generally the handling of matters involving the outsides of the premises; and that Mrs. Johnson had among her duties the collection of some of the rents and generally the taking care of the insides of the apartment houses, including purchase and repairs to furniture, the arranging for papering, etc.

Without itemizing in detail the significant facets of the balance sheets marked in evidence, it will suffice to say that the net worth of the corporation for the period prior to and up to the accident in question disclosed an increase in the net worth of the corporation.

The proofs also disclose that during the morning of November 16, 1959 plaintiff erected a scaffolding against the wall of the apartment house at 907 Brighton Street; that this scaffolding was erected by placing approximately four 2 x 4's (hereinafter referred to as posts) vertical to the ground about three feet from the building, by nailing boards (hereinafter referred to as outlookers) previously nailed at right angles to the tops of posts to the wall of the house, and by placing boards across the outlookers to form a platform upon which to walk; that this platform atop the scaffolding extended up the wall of the house far enough so that a man could stand on it and examine an eave which extended out from the side of the building at a point between the first and second stories of the house; that at approximately 1:30 in the afternoon, as plaintiff was attempting to get from the ladder to the platform atop the

scaffolding one of the outlookers broke causing him to fall to the pavement inflicting the alleged injuries; that plaintiff had erected the scaffolding and had attempted to get on it for the purpose of examining the eave to determine whether it should be repaired.

Subsequent to the accident, plaintiff was taken to the Shore Memorial Hospital in Somers Point, New Jersey, by the Ocean City Rescue Squad.

The Brighton Apartment Company had procured Standard Workmen's Compensation and Employer's Liability Policy No. WC 428–50075 from the American Surety Company of New York previous to the loss, and this policy was in effect on the date of the accident. The name of insured and address as appears in the policy are the following: "BRIGHTON APARTMENT CO., INC. and/or IRA SCOTT JOHNSON 851 PLAZA PLACE, OCEAN CITY, NEW JERSEY." Notice was given to the American Surety Company of New York of the accident.

It is not contended by either party that this court is without jurisdiction to determine whether compensation is payable under the Workmen's Compensation Act for the purpose of determining whether medical expenses are ineligible under the exclusion clauses of the insurance policies. Citing from defendant's brief:

"While it would appear that the Workmen's Compensation Division because of its specialized function and experience would be the most appropriate tribunal to initially determine whether compensation is payable under the act it does appear that the court may determine this question in order to decide whether the insured claims are eligible under the provisions of the medical expense policies. See *Bonney et al. v. Citizen's Mut. Auto Ins. Co.*, 333 *Mich.* 435, 53 *N. W.* (2d) 321, 323 (*S. Ct. of Mich.* 1952)."

In the *Bonney* case plaintiffs, the insureds, brought an action against an insurance company under a policy to recover for medical expenses. There the policy provided:

"17. Company Not Liable This Policy does not apply:
*         *         *         *         *         *         *         *

(f) Under Coverage for Medical Payments, to bodily injury to or death of any person to or for whom benefits are payable under any workmen's compensation law because of such injury or death."

The defendant insurance company pleaded as its defense that plaintiffs were entitled to benefits under workmen's compensation. Plaintiff moved for a summary judgment on the grounds that the court was without jurisdiction to determine whether "benefits are payable," urging that that determination was solely for the consideration of the workmen's compensation commission. In that case the parties had stipulated that no application had ever been made or was pending for workmen's compensation and that no determination had ever been made. The court denied the motion stating (53 *N. W. 2d,* at *p.* 324):

"4) Plaintiffs, however, fail to distinguish between a proceeding in which an employee seeks workmen's compensation from his employer and the instant case in the circuit court where the individuals are seeking to recover reimbursements for medical expenses under an insurance policy. A finding by the trial court whether plaintiffs are eligible for compensation would only be for the purpose of determining whether they are entitled to recover under the policy.

＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊

The statutory grant of exclusive jurisdiction to the workmen's compensation commission does not deprive the court of the jurisdiction to determine rights arising out of an entirely different relationship and in an entirely different type of proceeding in which the employer and employee relationship is only incidentally involved."

While it would appear that this court may determine the question as to whether compensation is payable for the purposes of this action, this determination would not be binding upon the New Jersey Workmen's Compensation Division in a proceeding subsequently commenced there. The defendant, by way of his counterclaim seeking a declaratory judgment, asks the court to require the plaintiff to first proceed under the Workmen's Compensation Act. In this connection it may or should be apparent to plaintiff that if on appeal the decision of this court is reversed and the statute of limitations has run in the Workmen's Compensation Division, the plaintiff may well be without relief.

Having determined that this court may properly decide the liability under the policies, the question is whether compensation is payable under the New Jersey Workmen's Compensation Law being thereby excluded under defendant's policies. A resolution of this problem may be made if we in turn look to the employee status of the plaintiff under the workmen's compensation statute.

The New Jersey Workmen's Compensation Act defines the persons covered thereunder in *N. J. S. A.* 34:15–36:

"＊ ＊ ＊ 'employee' is synonymous with servant, and includes all natural persons, including officers of corporations who perform service for an employer for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental ＊ ＊ ＊."

It is not denied that in seeking the intent of the Legislature in promulgating the Workmen's Compensation Act, the courts must be mindful that it is remedial social legislation and that it must be like in construction in order that its beneficent purposes may be accomplished. *Engelsbretson v. American Stores,* 49 *N. J. Super.* 19 (*App. Div.* 1957), affirmed 26 *N. J.* 106 (1958); *Howard v. Harwood's Restaurant Co.,* 25 *N. J.* 72 (1957); *Gargiulo v. Gargiulo,* 13 *N. J.* 8 (1953).

The New Jersey act is construed to bring as many cases as possible within its coverage. *Hannigan v. Goldfarb,* 53 *N. J. Super.* 190 (*App. Div.* 1958); *Brower v. Rossmy,* 63 *N. J. Super.* 395, 406 (*App. Div.* 1960).

It might be appropriate at this time to mention that prior to 1956, the year in which *N. J. S. A.* 34:15–36 was amended to its present form, the definition of any employee read as follows:

"＊ ＊ ＊ Employee is synonymous with servant, and includes all natural persons who perform services for an employer for financial consideration ＊ ＊ ＊."

Under the previous statute, officers of corporations could still qualify as employees. *Adam Black & Sons, Inc. v. Court*

*of Common Pleas,* 8 *N. J. Misc.* 442 (*Sup. Ct.* 1930) ; *Strang v. Strang Electric Co.,* 8 *N. J. Misc.* 873 (*Sup. Ct.* 1930) ; *Hannaford v. Central R. R. Co. of N. J.,* 115 *N. J. L.* 573, 576 (*Sup. Ct.* 1935), affirmed 116 *N. J. L.* 412 (*E. & A.* 1936) ; *Goldmann v. Johanna Farms, Inc.,* 26 *N. J. Super.* 550 (*Cty. Ct.* 1953) ; *Mahoney v. Nitroform Co., Inc.,* 20 *N. J.* 499, 504 (1956).

The plaintiff's contention is that while a corporate entity exists, he is actually an entrepreneur, the ultimate wielder of control, and as such the corporate entity should be disregarded.

The holdings in this jurisdiction have, like in all other jurisdictions, resulted in an accretion of coverage. The doctrine of right to control in this jurisdiction has been, if not discarded, reduced in importance to that of *"indicia* of circumstances." The control test is not always a dispositive factor in the determination of the employee-employer status. The totality of circumstances must be considered and proper balance given to the control test. *Marcus v. Eastern Agricultural Ass'n, Inc.,* 32 *N. J.* 460 (1960), 58 *N. J. Super.* 584 (*App. Div.* 1959). That case held that the test should be economical and functional, rationalizing that the services performed by the petitioner therein constituted a regular and continuing part of the cost of the production, but furnished no separate route through which his own cost of industrial accidents could be channeled.

In the matter under consideration the basis of the economical test, *i. e.,* the plaintiff being already dependent upon furnished coverage, and the functional test, *i. e.,* the business being a continuing and sufficiently controlled operation so that coverage should be a part of the business, find no analogy for counterpart in the present case. The defendant argues that after the *Mahoney* case, *supra,* was decided the statute was later amended as set forth *infra.* From this defendant gathered that the legislative action and chronological relationship, between the introduction of

the bill in the Legislature and the *Mahoney* decision, had as its sole purpose the elimination of the requirement that the corporation retain direct control over the officers so that he could qualify as an employee. While this may be, *arguendo,* the purpose of the Legislature, the right of control must be relegated to its status as an *indicium.*

Many of the cases, not only in New Jersey but in other jurisdictions, go off on the relative nature of work theory; and without eliciting its elements and components in detail, it is sufficient to say that the actions of the plaintiff herein could well fall into that category. However, the matter *sub judice* cannot be determined on that basis. Plaintiff was a majority stockholder of such degree that it is difficult to see that even his performance of menial work could be deemed important. While conceding that the anticipation of ultimate benefits from an increase in the net worth of the corporation he owned was a financial consideration, the preponderance of the ownership made him for all practical purposes the *alter ego* of the corporation. To adopt a realistic rather than technical attitude toward the Workmen's Compensation Act, the corporate entity should be disregarded.

Defendant cites the *Goldmann* case, *supra,* in arguing that the corporate entity cannot be disregarded and that a corporation has an entity apart from that of its officers and shareholders. The case cited in *Goldmann* concerns a bill in equity seeking instructions under a last will and testament. *National Newark, etc., Co. v. Work,* 109 *N. J. Eq.* 468 (*Ch.* 1932). Both the *Marcus* and *Mahoney* cases, *supra,* decided in New Jersey, evidence an increasing increment of coverage, but in neither of them was the petitioner, in substance, the owner of the respective corporate entity. No authority has been found which deals on point where substantially all of the corporation is owned by one individual. A foreign jurisdiction may be an aid. *Leigh Atchison, Inc. v. Industrial Commission,* 188 *Wis.* 218, 205 *N. W.* 806, 44 *A. L. R. 2d* 1213 (*Sup. Ct.* 1925). The claimant owned

127 of the company's 130 shares, did all the hiring and firing, managed the business and took the profits as salary. Compensation was denied. The *Atchison* case, *supra*, might seem to favor an analogy between that of a solely owned corporation and a sole proprietor.

The defendant seeks exclusion under the policies on the ground that plaintiff elected compensation under the Workmen's Compensation Act since he did not state in writing prior to the accident that the act was not intended to apply. This begs the question of whether the act was applicable in the first place, and a determination in that respect is dispositive of defendant's contention.

For the reasons set forth herein, judgment will be rendered in favor of the plaintiff in the amount of $4,259.32, with interest from February 8, 1960 and costs.

Plaintiff will submit an order for judgment in conformity with this opinion.