MAYS v INSURANCE COMPANY OF NORTH AMERICA

Docket No. 77-2604. Submitted May 4, 1978, at Grand Rapids.—Decided August 21, 1978. Leave to appeal applied for.

Plaintiff John A. Mays brought suit to collect benefits allegedly owed to him under a policy of disability insurance issued by defendant Insurance Company of North America to the plaintiff's employer. The policy entitled the plaintiff to receive disability benefits reduced by any social security or worker's compensation which was "payable" to him. The Kalamazoo Circuit Court, Donald T. Anderson, J., held that plaintiff was entitled to the disability benefits reduced by the amount of social security and worker's compensation which plaintiff had already received. Plaintiff appeals challenging the setoffs. *Held:*

So long as plaintiff has received or has a right to receive the social security and worker's compensation benefits, those benefits are "payable" within the meaning of the contract. Whether or not the social security or worker's compensation benefits were previously "payable" during the time when the plaintiff's right to receive them was disputed is irrelevant to a determination of whether the defendant may now reduce its obligation by the amounts of social security and worker's compensation already paid. Such setoffs are clearly authorized in the disability insurance contract.

Affirmed.

INSURANCE—DISABILITY INSURANCE—CONTRACTS—SOCIAL SECURITY— WORKER'S COMPENSATION BENEFITS—PAYABLE BENEFITS—SETOFFS—RIGHT TO RECEIVE BENEFITS.

Whether or not social security or worker's compensation benefits were previously "payable" to an insured during the time when the insured's right to receive such payments was disputed is irrelevant to a determination of whether the insurer may now reduce, by the amount of social security and worker's compensation already paid to the insured, its obligation to the insured under a policy of disability insurance clearly authorizing a

REFERENCES FOR POINTS IN HEADNOTE
44 Am Jur 2d, Social Security and Medicare § 43.
82 Am Jur 2d, Workmen's Compensation § 364.

setoff where such benefits are "payable" to the insured; as long as plaintiff has received or has a right to receive the social security and worker's compensation benefits, those benefits are "payable" within the meaning of the contract and may, therefore, be set off in accordance with the contract.

*Ford, Kriekard, Staton, Allen & Decker, P. C.,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert A. Benson),* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and BASHARA and R. M. MAHER, JJ.

PER CURIAM. Plaintiff brought suit to collect benefits which he believed were owed to him under a policy of disability insurance issued by defendant to plaintiff's employer. Under this policy plaintiff was entitled to receive disability benefits, reduced by any social security or worker's compensation which was "payable" to him. The trial judge ruled that plaintiff was entitled to collect the disability benefits, however, the judge also ruled that these benefits were to be reduced by the amount of social security and worker's compensation which plaintiff had already received. Plaintiff now appeals challenging these setoffs.

Plaintiff's major contention is that these benefits were not "payable" because his right to receive them had been initially disputed; as a result, he contends that a setoff of these benefits is inappropriate. We disagree. Whether or not the social security or worker's compensation benefits were previously "payable" during the time they were disputed is irrelevant to a determination of whether the defendant now may reduce its obligation by the amounts of social security and worker's compensation already paid. Such setoffs are clearly

authorized in the disability insurance contract. So long as plaintiff has received or has a right to receive the social security and worker's compensation benefits, those benefits are "payable" within the meaning of the contract. *Bonney v Citizens' Mutual Automobile Ins Co,* 333 Mich 435; 53 NW2d 321 (1952). To adopt plaintiff's view, that benefits are never payable if they are at any time disputed, would not only defeat the clear intent of the contractual language but would give plaintiff a windfall.

We note that plaintiff's employer has appealed the award of worker's compensation benefits to plaintiff. If the Workmen's Compensation Appeal Board concludes plaintiff was not and is not entitled to compensation benefits, then those benefits would not be "payable" and defendant would be required to reimburse plaintiff for any sums plaintiff must repay to the worker's compensation carrier and defendant would not be entitled to reduce its future obligation to plaintiff.

Plaintiff's other arguments are meritless and do not warrant discussion.

Affirmed.