MAYS v INSURANCE COMPANY OF NORTH AMERICA

Docket No. 62219. Decided October 9, 1979. On application by the plaintiff for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded to the circuit court for further proceedings.

John A. Mays brought an action for payment of benefits under a disability insurance policy issued by Insurance Company of North America. The defendant had paid benefits as required by the insurance policy beginning 90 days after the date of the plaintiff's disability until December, 1973. The plaintiff was disabled on December 10, 1970, and received 13 weeks of workmen's compensation benefits paid voluntarily by his employer, Three Rivers Rubber Company, until the workmen's compensation insurance carrier denied liability. The plaintiff was eventually awarded social security benefits retroactively to June, 1973, and workmen's compensation benefits retroactively to August, 1973, under the "one-year-back" rule. The defendant argued that under the terms of the disability insurance policy it could offset as "payable" workmen's compensation benefits from the date it became obligated under the policy, March 20, 1971, despite the fact that the plaintiff's award of workmen's compensation was from August, 1973. The Kalamazoo Circuit Court, Donald T. Anderson, J., ruled that the term "payable" was unambiguous and the defendant was therefore entitled to the setoffs. The Court of Appeals, D. E. Holbrook, Jr., P.J., and Bashara and R. M. Maher, JJ., affirmed with the modification that if the Workmen's Compensation Appeal Board concluded that the plaintiff was not "entitled" to the benefits then they could not be considered "payable" under the terms of the disability insurance policy (Docket No. 77-2604). Plaintiff applies for leave to appeal. In an opinion by Justice Williams, joined by Justices Kavanagh, Levin, Fitzgerald, and Blair Moody, Jr., the Supreme Court held:

1. There is no specific language in the disability insurance policy that obligates an employee of the insured to apply for either workers' compensation or social security disability benefits. The only mention of any "application" is that found in the

statement that "regardless of actual receipt of such benefit due to the insured's failure to apply therefor", the weekly benefit shall be reduced.

2. The "failure to apply" language relates only to the social security disability benefit, and not to worker's compensation because: the "failure to apply" clause immediately succeeds the reference to social security disability benefit; directly following it is a parenthetical clause which applies only to the social security benefit; and whenever the provision speaks of social security disability, it uses the singular, *benefit*, whereas the reference to workers' compensation is the plural, *benefits*.

3. The Court is not required to resolve speculation on the reason for the distinction between the two benefits because ambiguity in an insurance contract is construed against the drafter, the insurer in this case. Therefore, the insurance contract provision does not require any application for workers' compensation. If the employee does not apply for the social security disability benefit, the benefit which would have been payable may be set off. The plaintiff was not obliged to make any application for workers' compensation benefits, and a setoff for such benefits cannot be countenanced under this provision, except when such benefits are actually received.

4. There is no direct, specific language requiring the employee to make application for social security benefits. All that the insurance contract provides on the subject is that failure to apply causes a setoff. Since the insurer wrote the contract, any ambiguities must be construed against it. Therefore, the plaintiff here fulfilled the obligation by his original application for social security benefits, although it was denied.

5. The judgments of the trial court and the Court of Appeals are reversed, and the case is remanded to the circuit court for a redetermination of the offsets the defendant is to be afforded. The circuit court is directed to reduce the defendant's weekly benefit obligation by the amount of workers' compensation benefits as of August, 1973 unless the award is otherwise modified by the Workmen's Compensation Appeal Board. The circuit court should also reduce the benefits owed by the defendant to the plaintiff by the amount of social security benefits the plaintiff has received. All reductions of the defendant's liability to the plaintiff should be offset by attorney's fees and costs incurred by the plaintiff in pursuing the workers' compensation claim and this action.

Chief Justice Coleman, joined by Justice Ryan, would also

reverse and grant the same relief except for the award of costs incurred in this action. She wrote:

1. There is nothing in the disability insurance contract which requires the plaintiff to apply for workmen's compensation and social security benefits. In fact, the language indicates that whether he does so or not is of no moment in determining the defendant's right to credit for workmen's compensation and social security benefits. Since there is nothing in the contract which provides a method for determining the plaintiff's eligibility for benefits, the contract is ambiguous on this point and thus must be construed against the defendant.

2. The defendant has stipulated that it had an obligation to pay the plaintiff 60% of his weekly wage. The defendant had no right to refuse to pay that amount. Its remedy was to pursue a determination of the plaintiff's eligibility for the other benefits with the cooperation of the plaintiff. Instead, the defendant cut the benefits which the plaintiff was entitled to, which effectively required him to incur substantial litigation expenses and resulted in a limited award because of the one-year-back rule. It was, however, the defendant's primary obligation under the contract to take the initiative in establishing the plaintiff's eligibility for workmen's compensation and social security benefits.

85 Mich App 255; 271 NW2d 189 (1978) reversed.

*Ford, Kriekard, Staton, Allen & Decker, P.C.,* for plaintiff.

WILLIAMS, J. *(to reverse).* This case involves construction of the following language in a private disability insurance contract:

"The Weekly Benefit Amount shall be reduced by the weekly pro-rata portion of any benefits payable under the Workmen's Compensation Act and the primary disability monthly benefit payable under the Federal Social Security Act regardless of actual receipt of such benefit due to the Insured's failure to apply therefor (primary disability monthly benefit means the benefit relating to the Insured only and not including any additional benefit which might be payable because of the presence of dependents)."

Issues present for our review are: (i) whether this provision mandates a disabled employee's application for the mentioned benefits; (ii) whether reapplication, appeal or suit for such benefits is required if they are initially denied; and (iii) whether costs for pursuit of such benefits must be borne by the disabled employee or by the insurance company.

I

The Three Rivers Rubber Company, a purchaser of an employees' group disability insurance policy from defendant Insurance Company of North America ("INA"), employed plaintiff John Mays as an engineer. Plaintiff became permanently disabled on December 10, 1970. Pursuant to its disability insurance policy, INA paid weekly benefits to plaintiff from March 20, 1971 (90 days after the date of disability) until December, 1973, amounting to 60% of plaintiff's base salary. The INA policy permitted the weekly benefit amount to be reduced by payable workers' compensation and Federal social security benefits; INA did not, however, assert its contractual right to these reductions.

Plaintiff promptly filed for both workers' compensation and social security disability benefits. The former claim was paid for 13 weeks, until those benefits were cut off because the carrier asserted nonliability. The social security claim was initially denied; as a result of a second application, filed at INA's request, disability benefits were awarded from June, 1973.

In August, 1974, plaintiff instituted suit to compel INA's payment of weekly benefits. Plaintiff simultaneously filed a petition for workers' compensation. A hearing referee found plaintiff to be

disabled as of December, 1970, but awarded compensation as of August, 1973, pursuant to the one-year-back rule.[1]

Prior to jury trial on May 24, 1977, the trial court was asked to rule on the extent to which INA could offset social security disability and workers' compensation benefits from the benefit of 60% of the base weekly salary paid to plaintiff, in accordance with the provision quoted above. Based on this Court's decision in *Bonney v Citizens' Mutual Automobile Ins Co,* 333 Mich 435; 53 NW2d 321 (1952),[2] the trial court ruled that the insurance policy's inclusion of the term "payable" was unambiguous as a matter of law. The court therefore concluded that INA was entitled to offset retroactively awarded and received social security disability benefits against the weekly benefits paid to plaintiff. The trial court also held that INA could offset workers' compensation benefits from the date INA became obligated under the policy, despite the fact that the workers' compensation award was from August, 1973. With minor modification, the Court of Appeals affirmed.[3] We reverse

---

[1] See MCL 418.833; MSA 17.237(833).

[2] We do not believe the *Bonney* decision controls. There, the Court determined only that the term "benefits payable" in an exclusion clause was unambiguous and did not address the question who (the insured or insurer) must establish eligibility for the purpose of enabling the insurance company to obtain setoffs from payments the insured was entitled to under the contract. The Court did not have to decide the latter question because the insurance company there was not seeking to obtain setoffs, but instead was arguing nonapplicability of the policy under an exclusion clause.

[3] The Court of Appeals took note of the fact the workmen's compensation carrier had appealed the award and stated:

"If the Workmen's Compensation Appeal Board concludes plaintiff was not and is not entitled to compensation benefits, then those benefits would not be 'payable' and defendant would be required to reimburse plaintiff for any sums plaintiff must repay to the worker's compensation carrier and defendant would not be entitled to reduce its future obligation to plaintiff." 85 Mich App 255, 257; 271 NW2d 189 (1978).

the Court of Appeals and remand the case to the trial court for a redetermination of permissible setoff.

## II

The facts presented provoke the following questions:

(1) Was the employee under any contractual obligation to make any application for either workers' compensation or social security disability benefits?

(2) Did the employee's original application for workers' compensation, and receipt of benefits for 13 weeks, satisfy any contractual obligation the employee might have had "to apply" for compensation?

(3) When compensation benefits were subsequently terminated, was the employee required to reapply or appeal?

(4) Did the initial application for, and denial of, social security disability benefits satisfy any contractual obligation the employee might have had "to apply" for benefits?

(5) Was it incumbent upon the employee to reapply for, or appeal the denial of, disability benefits?

(6) If reapplication or appeal is mandatory for either workers' compensation or social security disability benefits, must the employee retain an attorney and bear the attendant expenses?

A partial answer to these queries can be found in the language of the contested contractual provision which states:

"The Weekly Benefit Amount shall be reduced by the

weekly pro-rata portion of any benefits payable under the Workmen's Compensation Act and the primary disability monthly benefit payable under the Federal Social Security Act regardless of actual receipt of such benefit due to the Insured's failure to apply therefor (primary disability monthly benefit means the benefit relating to the Insured only and not including any additional benefit which might be payable because of the presence of dependents)."

At the outset, it is significant that there is absolutely no specific language that obligates an employee to apply for either workers' compensation or social security disability benefits. The only mention of "application" is found in the statement that "regardless of actual receipt of such *benefit* due to the Insured's failure to apply therefor" (emphasis added), the "Weekly Benefit Amount shall be reduced".

Three reasons suggest that the "failure to apply" language relates only to the social security disability benefit and not to workers' compensation: (1) the "failure to apply" clause immediately succeeds the social security disability benefit reference; (2) directly following the "failure to apply" reference is the parenthetical clause, which applies only to the social security disability benefit; (3) wherever the provision speaks of social security disability, it uses the singular, *benefit,* whereas the workers' compensation reference is to *benefits,* plural.

While this analysis may seem super-refined, it is exact. Such analysis is appropriate when applied to often hypertechnical insurance contracts.

Moreover, since there is more efficacious notice to the employer, hence the insurer, under one system than the other, there may very well be a rational ground for utilizing the "failure to apply"

standard only in the case of social security disability, and not workers' compensation.

We are not required, however, to resolve these speculations, because it is hornbook law that insurance contract ambiguity is construed against the drafter, the insurer. Such contract analysis leads to the following conclusions:

(1) The insurance contract provision in question cannot be said to require any application for workers' compensation.

(2) If the employee does not apply for the social security disability benefit, the benefit which would have been payable may be set off.

Thus, the employee in this case was not obligated to make any application for workers' compensation benefits. A setoff of such benefits, even if no application was filed, cannot be countenanced under the instant provision, except when such benefits are actually received. We must, however, clarify the meaning of "failure to apply" with respect to the social security disability benefit.

III

As the questions set forth in Part II indicate, this case is concerned with whether a worker must (1) make an original application for benefits; (2) make reapplication or appeal if denied on the original application; and (3) pursue an application, reapplication or appeal to the extent of hiring a lawyer and suing.

The facts of this case indicate that the employee originally filed for the social security disability benefit in 1971; that application was denied at that time. If the contract requires that the employee make an original application, plaintiff fulfilled that obligation.

In September, 1974, the employee reapplied for and was allowed the social security disability benefit, retroactive to June, 1973. Obviously, there is a hiatus in receipt of benefit from the time of denial in 1971 to June, 1973. Is defendant insurer entitled to a setoff, because the employee failed to reapply or appeal immediately, or can it be assumed that the insurance provision in question was satisfied by the original application?

Again, reference is made to the fact that there is no direct, specific language requiring the employee to make application. All the contract provides on the subject is that "failure to apply" triggers a setoff. In this case, the employee did apply. It certainly is arguable that the employee fulfilled all that the contract required. Since the insurer wrote the contract, any ambiguities must be determined against it. Therefore, we must conclude that the employee fulfilled all requirements relative to making application. Any action beyond original application for the social security disability benefit was the responsibility of the insurer, with an obligation of the employee to cooperate as necessary.

## IV

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgments of the trial court and Court of Appeals and remand the case to Kalamazoo Circuit Court for a redetermination of the offsets INA is to be afforded under this opinion. We direct the court to award reductions of INA's weekly benefit obligation for workmen's compensation benefits as of August, 1973 unless the award is otherwise modified by the Workmen's Compensation Appeal Board. The court should also reduce the INA benefits owed to plain-

tiff by the amount of social security benefits the plaintiff has received. All reductions of the INA benefits to plaintiff should be offset by actual attorney's fees and costs incurred by the plaintiff in pursuing the workmen's compensation claim and the instant suit.

Reversed.

Kavanagh, Levin, Fitzgerald, and Blair Moody, Jr., JJ., concurred with Williams, J.

Coleman, C.J. *(concurring in part; dissenting in part).* We concur with Justice Williams' disposition of the legal issues in this case. However, we do not agree that plaintiff should be awarded the "actual attorney's fees and costs incurred by the plaintiff in pursuing * * * the instant suit." Consistent with the normal practices of this Court, we would award only those expenses taxable pursuant to GCR 1963, 867.

Ryan, J., concurred with Coleman, C.J.