**Beulah May Hammack CLARK et vir,
Appellants,**

v.

**LONE STAR LIFE INSURANCE COMPANY, Appellee.**

No. 3827.

Court of Civil Appeals of Texas.

Waco.

May 25, 1961.

Rehearing Denied June 15, 1961.

Victor R. Blaine, Houston, for appellants.

Turner, White, Atwood, McLane & Francis, Dean Carlton, Dallas, for appellee.

WILSON, Justice.

Appellant is named beneficiary in a life insurance policy issued by appellee to deceased, who was killed in making a parachute jump.

The policy contained a rider termed "Exclusion of Aviation Risk" which provided: "If the insured shall die as a result, directly or indirectly, from travel or flight in or on any species of aircraft, except as a passenger ("passenger" does not include the pilot, co-pilot, stewardess, mechanic or any other member of the crew of the aircraft) * * * the liability of the company shall be limited to the total amount of premiums paid on the policy."

Appellee pleaded that insured's death was within the exclusion; that insured died as a result of travel or flight in or on a species of aircraft, "namely, a parachute"; or "namely, an airplane." Alternatively, it asserted the exclusion was ambiguous and should be construed in accordance with the agreement of the parties so as to exclude parachute jumping. Further in the alternative, it was pleaded that insured made known to appellee his hobby of parachute jumping, and requested insurance excluding it, and it was agreed that parachute jumping would be so excluded. On this basis reformation was prayed for.

The court submitted to the jury an issue inquiring whether insured and insurer agreed, at the time the policy was issued,

"that death by parachute jumping was excluded from coverage by the terms of the policy." The jury was unable to agree on an answer to the issue, and was discharged. Appellee's motion for a take-nothing judgment based on the pleaded contentions was granted, the judgment reciting that there was no issue of fact, and a directed verdict would have been proper. Appellants' motion for judgment was overruled, and she attacks the judgment rendered in favor of appellee.

■ The insurer defends its judgment, first, on the ground deceased died as a result of travel or flight on an airplane, but not as a passenger; that he was not a passenger because he controlled the airplane from which he jumped. The elements of control by deceased relied on to remove him from "passenger" status arise from evidence that insured rode in a single-engine, dual control, four-place airplane piloted by a licensed pilot. Deceased was not a pilot and had never flown a plane. Deceased and another man entered the airplane wearing back-type parachutes. These two men asked the owner of the plane, a professional pilot, "to fly them." He was piloting the aircraft on take-off, and was its sole occupant when it landed upon return to the airport. Parachute jumpers "didn't participate in actually flying the plane" and "were not members of the crew", according to testimony admitted. Jumpers "are usually in the back seat." Usually, when at the desired altitude, pilots tested wind direction and velocity, slowed the plane and the jump took place. The jumper ordinarily entered a free fall of some 20 seconds before pulling the rip cord of the parachute. There is evidence from which it may be inferred that jumpers usually directed as to the desired altitude, location, speed and deceleration. Although the evidence shows this to be typical procedure, neither the pilot of deceased nor the other occupant testified, and there is no showing such procedure was actually followed on this flight before insured jumped to his death. If these facts be assumed, however, the evidence did not establish as a matter of law that deceased was not a passenger, nor make his status undisputed, as contended, so as to make a directed verdict proper.[1]

■■ Appellee urges appellant waived a determination insured was a passenger, under Rule 279, Texas Rules of Civil Procedure, because she requested no issue thereon. The rule applies to cases in which "the court submits a case upon special issues", and not to a case in which the court instructs a verdict or renders judgment after withdrawing the case from the jury. City of Breckenridge v. Stoker, Tex.Civ.App., 264 S.W.2d 511, 518, writ ref. n. r. e.; Ama-Gray Oil Co. v. Marshall, Tex.Civ.App., 212 S.W.2d 960, 962; Cleburne State Bank v. Ezell, Tex.Civ.App., 78 S.W.2d 297, 300, writ dis.

Appellee next justifies the decree by the argument that "the parachute itself was a 'species of aircraft', thereby precluding any recovery under the policy." The policy does not define "aircraft".[2]

1. See generally: 14 A.L.R.2d 1363; 45 A.L.R.2d 462; Continental Cas. Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762, 764; General American Indemnity Co. v. Pepper, Tex.Sup., 339 S.W.2d 660, Journal of Air Law, 7:560; 13:228; 16:369.

2. Art. 46c–1, Vernon's Ann.Civ.St., Sec. 3 (Acts 1945, 49th Leg., p. 580), provides that for the purpose of the laws of Texas " 'Aircraft' means any contrivance now known or hereafter invented, used or designed for navigation of or flight in the air," and defines "Operation of aircraft" as the use of aircraft "for the purpose of air navigation", including the "navigation or piloting of aircraft." The Federal Civil Aeronautics Act, 49 U.S. C.A. § 401(4), Sec. 1301(5) employs the same definition, as does also the Uniform Aeronautics Act. The latter definition includes contrivances used for flight or navigation in air "other than devices or contrivances used primarily as safety equipment." 6 Am.Jur. Sec. 18, p. 13. The Federal Air Commerce Act, 49 U.S. C.A. § 179 (repealed 1958, 72 Stat. 806), defined "aircraft" as excluding "a para-

■ A conclusive answer to the argument is the definition of "parachute": A parachute is "a device to reduce rapidity of descent through the air *from* an aircraft", Webster's New International Dict. (2d ed.); 20 Encyc. Britt. (11th ed.); Webster's 20th Century Dict. (1950); "An apparatus used in descent *from* an airplane", New Century Dict. (1952); "A safety device to prevent rapidity of descent when circumstances make it necessary to *abandon* an aircraft", Modern Library Dict. (1959); and see Webster's New 20th Cent. Dict. (1957). In our opinion the parachute in which deceased jumped was not an "aircraft" under the policy.

Appellee's remaining basis for sustaining judgment is that the undisputed evidence required reformation of the policy as a matter of law, so as to exclude death resulting from voluntary parachute jumping. The only testimony on this issue is from appellee's agent who took the application for insurance. Pretermitting consideration of admissibility of the evidence, or the question of whether he was an interested witness, the agent quoted from a letter he received from appellee's underwriter stating that the company had found that insured "was participating in parachute jumping in a parachute club, and that they would have to put an aviation rider in" the policy. He testified he then told the insured "they had to put an aviation rider in the policy due to the fact that they had discovered he was in a parachute club". He testified he told insured "they didn't cover this type of activity"; that insured said he would inquire whether the parachute club carried a group policy "without an aviation rider", and if so, "he would drop this policy." The agent was permitted to testify over objection that deceased "understood" the rider was included because appellee "was not insuring his death by

chute". The Uniform State Law for Aeronautics defines the term as including "balloon, airplane, hydroplane, and every other vehicle used for navigation

parachute jumping." At the time of this conversation the exclusion provision was not available to the agent. Testimony was admitted that he reported to the insurer that insured "has agreed to have the aviation exclusion rider included in his policy." When he delivered the policy, the witness testified, the "rider was gone over in detail," being re-read several times. The agent was permitted to testify he explained to insured that "if he was to get killed parachute jumping the company was not liable to pay death benefits." The rider was drafted by appellee.

■ If this testimony raised the issue submitted to the jury (as to which no opinion is expressed) it did not establish the affirmative thereof as a matter of law, nor authorize an instructed verdict for appellee.

The judgment is reversed, and the cause remanded.

through the air." 9 Uniform L.Annot. 14; 2 C.J.S. Aerial Navigation § 2, p. 901.