## 56589. FIREMAN'S FUND AMERICAN LIFE INSURANCE COMPANY v. LONG.

Deen, Presiding Judge.

In early March, 1975, appellee's decedent, Mr. Bassett, purchased a "hang glider" which was designed to be launched by towing behind a motor vehicle. On March 15, 1975, decedent, his wife, and another couple went to a rock quarry where Mr. Bassett assembled his glider and practiced jumping from a small cliff approximately twenty feet high. After he felt he had mastered gliding and landing, Mr. Bassett and his friends went to a cleared area north of the rock quarry. One end of a tow rope was tied to the rear bumper of a van and the other end attached to the hand release control of the glider. Mr. Bassett got into the swing-like harness attached to the kite and his friend started the van. The decedent then began to run with the glider in order to build up sufficient speed to lift off from the ground. After several unsuccessful attempts,

the glider finally left the ground and reached an altitude of thirty to forty feet while still being towed by the van. The glider then suddenly shot up to one hundred feet and the tow rope was disengaged either by mechanical failure or by means of the hand release control. Upon release of the tow rope, the glider went several feet higher in the air and then nose dived to the ground, severely injuring the decedent when he struck his head upon one of the structural support bars. He was promptly transported to the Medical Center of Central Georgia and died approximately four hours later.

Appellant insurance company brings this appeal contending that the trial court erred in granting appellee's motion for summary judgment and in denying its motion for summary judgment because of an exclusion contained in the decedent's accidental death insurance policy. The policy provided in part: "EXCLUSIONS — This policy does not cover loss caused by or resulting from any one or more of the following: . . . E. Travel or flight in any vehicle or device for aerial navigation, including boarding or alighting therefrom. . . (2) while the insured is operating, learning to operate, or serving as a member of the crew thereof."

Appellant contends that the glider constituted a "vehicle or device for aerial navigation" within the purview of the policy's aviation exclusion. We agree with this contention. Navigation is defined as "the science or art of conducting ships or aircraft from one place to another." Webster's Third New International Dictionary, (1966), p. 1509. A recent case in the United States District Court, C. D. California, held that an insured's operation of his hang glider just prior to his death which occurred when his hang glider crashed constituted "travel or flight" in an "aircraft" in which the insured was acting as "pilot" within the meaning of the aviation exclusionary clause of the policy. Fielder v. Farmers New World Life Ins. Co., 435 FSupp. 912 (1977). It was, therefore, error for the trial court to grant appellee's motion for summary judgment and deny appellant's motion for summary judgment, as the decedent was operating a vehicle or device for aerial navigation. Appellant was entitled to summary judgment as a matter of law because the facts

concerning the cause of Mr. Bassett's death are not in dispute and the exclusionary language is unambiguous.

*Judgment reversed with direction to enter an order in favor of appellant consistent with the holding in this case. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED NOVEMBER 22, 1978.

*Jones, Cork, Miller & Benton, Hubert C. Lovein, Jr., Wallace Miller, III,* for appellant.
*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellee.