ENGEL v CREDIT LIFE INSURANCE COMPANY

Docket No. 79465. Submitted July 9, 1985, at Grand Rapids.—Decided August 19, 1985.

Plaintiff, James R. Engel, suffered a broken leg when he struck the ground after a parachute jump. He brought an action for a declaratory judgment against defendant, Credit Life Insurance Company, which had denied plaintiff's claim made under a group accident and sickness policy. Defendant claimed it was not liable for payment of benefits because of a policy exclusion of benefits for "injuries sustained while in or on, or entering or leaving any kind of aircraft". The Kent Circuit Court, Woodrow A. Yared, J., denied plaintiff's motion for partial summary judgment and granted defendant's motion for summary judgment, holding that benefits for plaintiff's injury were precluded by the insurance policy exclusion. Plaintiff appealed. *Held:*

1. The common and ordinary meaning of the phrase "while leaving any kind of aircraft" includes situations where the aircraft has completed its flight and come to rest on the ground, and the passenger is in close proximity to the aircraft. The phrase indicates that the injury must be both contemporaneous with leaving the aircraft and in close proximity to the aircraft. In this case the injury occurred some distance from the airplane and a substantial time after plaintiff left the airplane.

2. The phrase "while leaving" is ambiguous as to the time period it refers to and to whether the leaving must be while the aircraft is on the ground. The ambiguity must be resolved in favor of the insured.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Insurance §§ 269-319.

Division of opinion among judges on same court or among other courts of jurisdiction considering same question, as evidence that particular clause of insurance policy is ambiguous. 4 ALR4th 1253.

[3] Am Jur 2d, Insurance §§ 654-664.

What constitutes operating, riding in, or descending from, aircraft within life or accident policy provisions relating to aeronautics. 88 ALR3d 1064.

3. The parachute itself was not an "aircraft" within the meaning of the policy exclusion.

Reversed and remanded.

1. INSURANCE — AMBIGUOUS LANGUAGE — JUDICIAL CONSTRUCTION.

An insurance policy which contains an ambiguity is to be construed in favor of the insured, particularly where the language is drawn by the insurer.

2. INSURANCE — JUDICIAL CONSTRUCTION.

An insurance policy should be construed according to the ordinary meaning of the language used therein.

3. INSURANCE — EXCLUSIONS — ENTERING OR LEAVING AIRCRAFT.

An insurance policy provision which excludes "injuries sustained while in or on or entering or leaving any kind of aircraft" indicates that the injury be suffered both contemporaneously with the entering or leaving and in close proximity to the airplane in order to fall within the exclusion; actual physical contact with the airplane is not required, but close proximity is.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley),* for plaintiff.

*Wheeler, Upham, Bryant & Uhl* (by *Susan B. Flakne),* for defendant.

Before: WAHLS, P.J., and ALLEN and J. C. RAV-ITZ,* JJ.

ALLEN, J. Plaintiff appeals as of right from a June 1984 order of the circuit court for Kent County which (1) denied plantiff's motion for partial summary judgment on plaintiff's action for a declaratory judgment against defendant and (2) granted defendant's motion for summary judgment in favor of defendant. The question presented is both novel and of first impression.

* Recorder's court judge, sitting on the Court of Appeals by assignment.

Plaintiff, a student at Michigan State University, suffered a broken leg with resultant surgery when he struck the ground on October 15, 1983, after an otherwise successful first parachute jump. Defendant is the insurer which had issued a group student accident and sickness policy. Defendant denied plaintiff's claim on grounds that plaintiff was not insured under the policy at the time of the accident and that defendant was exempt from liability because of exlusion (j) in the policy. Plaintiff then filed this action seeking a declaratory judgment against defendant insurer.

Opposing motions for summary judgment were filed with respect to exclusion (j). The issue of whether plaintiff was insured at the time of the accident was not raised in the motions because that issue became irrelevant if the injury was excluded under the policy. Exclusion (j) reads in relevant part:

"No benefits are payable under the policy for:

*    *    *

"(j) Injuries sustained while in or on, or entering or leaving any kind of aircraft, except as a passenger in a duly licensed passenger aircraft provided by a scheduled airline and flown by a pilot duly licensed to operate such aircraft."

A hearing on the cross-motions for summary judgment was held June 14, 1984, at which time the scope of exclusion (j) was argued. Following argument, the trial court granted defendant's motion and denied plaintiff's motion, the court stating:

"The language in the policy which says no benefits are payable under the policy for injury sustained while in or on, or entering or leaving any kind of aircraft are

not ambiguous. I do not give it overall the broad interpretations that have been presented. They are very interesting but I think the word leaving has a general meaning either departing from, going away or exiting or separating oneself from something: leaving a room, leaving a house.

"I think here the plaintiff while flying in this aircraft from which he was to parachute jump, when he obviously went to and jumped from the side door, open door, he was leaving an aircraft, a kind of aircraft that does not provide such coverage.

"I don't find that the Court engage in anything but the normal and reasonable meaning of this clause. By the same token I am not sure; it possibly could have been clearer as it is in all contracts whether drafted by lawyers, companies, whatever. If more words had been put in such as descending or parachuting, jumping or whatever of course it would be made more clear and may have been more clear. But the fact that a contract clause can be made more clear does not of itself prove that the language used is unclear and ambiguous."

An order effecting the court's decision was entered on June 29, 1984, from which plaintiff now appeals as of right.

On appeal, defendant argues that insurance policies are to be construed "in accordance with the ordinary and popular sense of the language used", *Kinnavy v Traill,* 56 Mich App 370, 375; 223 NW2d 741 (1974), and that the ordinary and polular meaning of the term *"while in or on, or entering or leaving any\* \* \*aircraft"* includes at least until such time as firm contract with the ground is reestablished. In support of this position, defendant cites *Cabell v World Service Life Ins Co,* 599 SW2d 652, 653 (Tex App, 1980), which held that, where a person goes aloft for the purpose of making a parachute jump, his "participation in aviation continued until he returned to earth". Defendant also relies on *Krueger v Lumbermen's Mu-*

*tual Casualty Co,* 112 Mich App 511, 515; 316 NW2d 474 (1982), where this Court held that "an individual has not finished 'alighting' from a vehicle at least until both feet are planted firmly on the ground".

Defendant also argues that the trial court's decision could also have appropriately been based on the theory that the parachute itself was an "aircraft" which the plaintiff was "in or on" at the time of injury. Most jurisdictions which have considered the question have found that parachutes, kites and gliders are aircraft or devices for aerial navigation. *Edison v Reliable Life Ins Co,* 664 F2d 1130 (CA 9, 1981); *Deschler v Fireman's Fund American Life Ins Co,* 663 P2d 97 (Utah, 1983); *Fireman's Fund American Life Ins Co v Long,* 148 Ga App 216; 251 SE2d 133 (1978); *Smith v Mutual Benefit Health & Accident Ass'n,* 175 Kan 68; 258 P2d 993 (1953).[1]

Plaintiff contends that the language in exclusion (j) is ambiguous; that the injury did not occur "while leaving" the plane but occurred *after* plaintiff had separated himself from the aircraft and that defendant is attempting to expand the words "while leaving" to include "while descending from an aircraft" or "while parachuting or skydiving". Plaintiff refers to the long established legal principle that where a policy contains an ambiguity it is to be construed in favor of the insured, particularly where the language is drawn by the insurer. *Michigan Mutual Ins Co v Sunstrum,* 111 Mich App 98, 102; 315 NW2d 154 (1981).

We hold for the plaintiff and reverse. While we agree that an insurance policy should be construed according to the ordinary meaning of the language

---

[1] Two jurisdictions have held to the contrary. *Childress v Continental Casualty Co,* 461 F Supp 704 (ED La, 1978); *Clark v Lone Star Life Ins Co,* 347 SW2d 290 (Tex App, 1961).

used therein, we disagree that the phrase "while* * *leaving any kind of aircraft" commonly and ordinarily includes exiting a plane by parachute. Instead, we are persuaded that the language describes situations occurring where the aircraft has made a normal landing but during the exit from the plane a passenger trips while descending a stairway, walks into a propeller, or is struck by a vehicle servicing the plane. Likewise, the language includes situations arising where the aircraft has made a faulty or emergency landing and the passengers leave the plane under crash or emergency conditions. In each instance the plane has completed its flight and is at rest on the ground and the injury occurs during the passenger's exit from the plane. In all such situations the passenger and the plane are in proximity to one another.

The phrase "injuries sustained while * * * entering or leaving any kind of aircraft" suggests both that the injury be suffered *contemporaneously* with the entering or leaving and in *close proximity* to the plane being entered or exited. Actual physical contact with the plane is not necessarily required, but close proximity is. Injuries sustained upon touching the ground by parachute occur thousands of feet from the aircraft from which the parachutist has jumped. Likewise, the injury occurs a substantial period of time after "leaving". In the instant case there was neither close proximity nor contemporaneousness.

We also find exclusion (j) at best ambiguous. The ambiguity lies in the uncertainly as to whether "while leaving" means the time frame occurring immediately upon the act of leaving or whether it includes an appreciable length of time after immediate exit. Likewise, the language is unclear as to whether the "exit" must be while the plane is on

the ground. Because no distinction in wording is made between "entering" and "leaving" and because "entering" *must* be during the period the plane is on the ground, it is only reasonable to conclude that "leaving" is restricted to periods during which the plane is at rest on the ground.

An ambiguous contract provision must be construed against the insurer/drafter and in favor of the insured. *Kast v Citizens Mutual Ins Co,* 125 Mich App 309; 336 NW2d 18 (1983); *Usher v St Paul Fire & Marine Ins Co,* 126 Mich App 443; 337 NW2d 351 (1983); *Farm Bureau Mutual Ins Co of Michigan v Hoag,* 136 Mich App 326; 356 NW2d 630 (1984); *Reurink Bros Star Silo, Inc v Maryland Casualty Co,* 131 Mich App 139; 345 NW2d 659 (1983). "[I]t is hornbook law that insurance contract ambiguity is construed against the drafter, the insurer." *Mays v Ins Co of North America,* 407 Mich 165, 172; 284 NW2d 256 (1979).

In particular, exclusionary clauses in insurance policies are to be strictly construed against the insurer. *Arrigo's Fleet Service, Inc v Aetna Life & Casualty Co,* 54 Mich App 482; 221 NW2d 206 (1974), *lv den* 392 Mich 812 (1974); *Reurink Bros, supra.*

In view of these principles of insurance policy construction, the lower court should have ruled that plaintiff's injury was not excluded from coverage under the ambiguous language of exclusion (j).

The trial court did not address defendant's second argument, *viz.:* that plaintiff's parachute itself was an "aircraft" which plaintiff was "in or on" at the time of the injury, and, thus, the injury sustained falls within exclusion (j). As noted earlier, a majority of courts considering the issue have held that a parachute is an "aircraft". *Deschler, supra; Edison, supra.* Webster's New Collegiate Dictionary defines "aircraft" as "weight-carrying struc-

ture for navigation of the air that is supported either by its own buoyancy or by the dynamic action of the air against its surfaces". Similarly, the statutory definition of "aircraft" under Michigan's Aeronautics Code, MCL 259.1 *et seq.;* MSA 10. 101 *et seq.,* is: "Any contrivance now know, or hereafter invented, used, or designed for navigation of or flight in the air." MCL 259.4; MSA 10.104. Under such a definition, a parachute could be considered an aircraft.

However, "aircraft" is not universally, or even commonly, defined to include parachutes. Black's Law Dictionary (rev 4th ed.), defines "aircraft" as follows:

"Any contrivance used, or designed for navigation of or flight in the air, except a parachute or other contrivance designed for such navigation but used primarily as safety equipment. 49 USCA §§ 171-184."

If insurance policy language is susceptible to two different reasonable interpretations, the construction most favorable to the insured should be adopted. *E.g., Arrigo's Fleet Service, Inc, supra.* People do not commonly categorize a "parachute" as an "aircraft". It is reasonable and common to define "parachutes" and "aircraft" as distinct subjects. Accordingly, we reject defendant's second argument.

In conclusion, we find that defendant could have excluded, but did not specifically exclude, skydiving or parachute jumping or use any of the typical exclusionary language found in insurance contracts such as excluding "harm after completing a parachute jump upon coming in contact with objects on the ground", or excluding "using a device for aerial navigation". 10 Couch on Insurance 2d, 41:569-573. The June 29, 1984, order granting

summary judgment for defendant is reversed and the cause is remanded to the circuit court for entry of an order granting plaintiff's motion for partial summary judgment. Further discovery and trial on the merits on the question of whether plaintiff was covered by the insurance policy at the time of the injury is still pending. That issue was not raised in the instant appeal.

Reversed and remanded. Costs to plaintiff.