**John C. FISHER, Appellant,**

v.

**TREES, INC. and Employers Casualty Company, Appellees.**

No. 9426.

Court of Appeals of Texas, Texarkana.

June 17, 1986.

Rehearing Denied July 15, 1986.

H. P. Smead, Jr., Bill Parker, Smead, Anderson, Wilcox & Dunn, Longview, for appellant.

Roger W. Anderson, Mike Hatchell, Tyler, for appellee Trees, Inc.

Roy Price, Longview, for appellee Employers Cas. Co.

PER CURIAM.

John Fisher appeals a take-nothing judgment against Trees, Inc. and Employers Casualty Co., asserting that he is entitled to judgment as a matter of law. We find no error and affirm.

Catheline Feazell hired Fisher on March 31, 1982, to act as her attorney in a wrongful death suit against Trees and their insurance carrier, Employers. Fisher filed a lawsuit on her behalf. Meanwhile, Feazell negotiated with Trees and Employers for a settlement, telling neither of them that Fisher represented her nor telling Fisher that she was attempting to settle her claim directly with Trees and Employers. On April 28, Feazell told Fisher that his services were no longer required, and on April 29, she accepted a check for $50,000.00 from Employers in full satisfaction of her claim. About fifteen minutes after she left the Employers Tyler office with the check, the Employers main office in Houston received service of process in the lawsuit filed by Fisher on Feazell's behalf. On April 30, Feazell went to Fisher's office and signed a letter releasing him as her attorney.

On May 3, Fisher informed Employers that he had an interest in Feazell's cause of action but also that he had been fired by her. He requested that payment be stopped on the check given to Feazell; this was not done and the check was paid the next day.

Fisher then sued Trees and Employers, saying that they had "ratified" Feazell's fraud upon him by not stopping payment on the check. The trial was to a jury, but after both sides had closed, Fisher moved for a directed verdict and advised the court that he had no special issues for submission to the jury, stating that the court should rule as a matter of law. Trees and Employers also moved for a directed verdict. The court withdrew the case from the jury and gave judgment for Trees and Employers. The judgment recites that the court considered the evidence presented and the parties' motions, and determined that the case should be withdrawn from the jury and judgment rendered for defendants.

■ This case therefore stands in an unusual procedural posture. Neither motion for directed verdict was granted, yet the case was submitted to the court rather than the jury. This was done without objection by either side, and so we conclude that both sides waived their right to a jury trial. *See* 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 16.02 (rev. 1984). The result of this is that the case is treated as though no jury had been impanelled, and hence tried before the court. *Fry v. Harkey*, 141 S.W.2d 662 (Tex.Civ.App.—San Antonio 1940, writ dism'd judgmt cor.). Since the fact issues of fraud existed, the court in ruling failed to find fraud. Fisher has at no time complained of the court's so acting and therefore any complaint he may have is waived. *See, e.g., Pirtle v. Gregory*, 629 S.W.2d 919 (Tex.1982).

■ Because no findings of fact or conclusions of law were requested or filed, all necessary facts are presumed found in support of the judgment. *Goodyear Tire and Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916 (Tex.1978); *Buchanan v. Byrd*, 519 S.W.2d 841 (Tex.1975). This being so, since Fisher had the burden of proving his case and the trial court impliedly found that he failed to do so, he must show on appeal that his case is established as a matter of law in order to prevail. *Smith v. Safeway Stores, Inc.*, 433 S.W.2d 217 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.). No such showing is made.

■ Fisher bases his case upon a purported theory of ratification of fraud. He cites no authority supporting this theory. Whatever theory of fraud is used, however,

a plaintiff must get a favorable determination from the finder of fact, as the existence of fraud is a question of fact. *DeCluitt v. DeCluitt,* 613 S.W.2d 777 (Tex. Civ.App.—Waco 1981, writ dism'd). Fisher failed to obtain a finding of fraud and has failed to demonstrate that fraud is established as a matter of law. There is no proof of any duty owed by Trees and Employers to Fisher, and hence an essential element of fraud is missing. *See Archer v. Griffith,* 390 S.W.2d 735 (Tex.1964).

Furthermore, Fisher's appeal fails because he did not submit special issues regarding fraud or any other ground of recovery upon which he relied and therefore all such grounds of recovery are waived. *Washington v. Reliable Life Insurance Co.,* 581 S.W.2d 153 (Tex.1979); Tex.R. Civ.P. 279. However, we do not decide the case on this basis because we recognize that Rule 279 might not apply when a case is withdrawn from the jury by the trial court. *See, e.g., Clark v. Lone Star Life Insurance Co.,* 347 S.W.2d 290 (Tex.Civ. App.—Waco 1961, writ ref'd n.r.e.).

Because we conclude that Fisher has failed to prove what he must in order to prevail, the judgment of the trial court is affirmed.