WESTEN v KARWAT

Docket No. 88034. Submitted November 7, 1986, at Grand Rapids. Decided January 20, 1987. Leave to appeal applied for.

Marjory L. Westen, as personal representative of the estate of Tina L. Westen, brought a wrongful death action in the Kent Circuit Court against Keith A. Karwat and James Piotrowski. Tina L. Westen had died from injuries sustained when a moped ridden by Karwat struck her. At the time of the accident, Karwat was a foster child in the custody of James and Elizabeth Piotrowski. The trial court, George V. Boucher, J., entered a consent judgment in favor of plaintiff, who, in an effort to collect on the judgment, filed a garnishment action against the Piotrowskis' homeowner's insurer, Home Owners Insurance Company. The trial court granted Home Owners' motion for summary disposition, ruling that, under the terms of the policy, a moped is a motor vehicle and that the policy exclusion for any injuries arising out of the ownership, maintenance, operation, use, loading or unloading of any motor vehicle applied to plaintiff's claim. Plaintiff appealed.

The Court of Appeals *held:*

The term "motor vehicle," as defined by and used in the provisions of the policy, is ambiguous and must be construed against the insurer, Home Owners Insurance Company, under well settled principles of judicial construction of insurance contracts.

Reversed.

1. INSURANCE — JUDICIAL CONSTRUCTION — CONTRACTS.

An ambiguous provision in an insurance contract must be construed against the insurer and in favor of the insured.

REFERENCES

Am Jur 2d, Automobile Insurance § 3.

Am Jur 2d, Insurance §§ 283 *et seq.*

Automobile liability insurance: what are accidents or injuries "arising out of ownership, maintenance, or use" of insured vehicle. 15 ALR4th 10.

Motor scooter as within policy provisions relating to automobile or motorcycles. 43 ALR3d 1400.

2. INSURANCE — JUDICIAL CONSTRUCTION — CONTRACTS — EXCLUSIONARY CLAUSES.

  Exclusionary clauses in insurance contracts are strictly construed against the insurer.

*Vanden Bosch & Avery* (by *Thomas G. Vanden Bosch*), for Marjory L. Westen.

*Linsey, Strain & Worsfold, P.C.* (by *Donald R. Worsfold*), for Home Owners Insurance Company.

Before: CYNAR, P.J., and M. J. KELLY and J. A. HATHAWAY,* JJ.

PER CURIAM. Plaintiff appeals from a grant of summary disposition in favor of Home Owners Insurance Company.

On May 11, 1983, Tina L. Westen was struck by a moped driven by Keith A. Karwat while she was walking across a road. She sustained severe closed head injuries from which she died. At the time of the accident, Karwat was a sixteen-year-old foster child in the custody of James and Elizabeth Piotrowski. Marjory L. Westen, as personal representative of the estate of Tina L. Westen, brought a wrongful death action against Karwat and the Piotrowskis, but the Piotrowskis were subsequently dismissed.

In February, 1985, the parties entered into a stipulation agreeing to a consent judgment against Karwat, provided that enforcement of the judgment would be within the Piotrowskis' homeowner's insurance policy limits. A judgment of $335,000 was entered on April 12, 1985, against Keith A. Karwat.

On May 24, 1985, plaintiff filed a garnishment action against Home Owners Insurance Company, the Piotrowskis' homeowner's insurer. Both parties

---

* Circuit judge, sitting on the Court of Appeals by assignment.

moved for summary disposition. The trial judge granted Home Owners' motion, holding that a moped is a motor vehicle under the terms of the exclusion in the insurance policy, thus there was no insurance coverage for plaintiff's claim. Plaintiff appeals.

The Piotrowskis' homeowner's insurance policy provides an exclusion for any injuries arising out of the ownership, maintenance, operation, use, loading or unloading of any motor vehicle.

> Section II: Coverage E — Personal Liability — Exclusions
> This policy does not apply:
> 1. Under Coverage E — Personal Liability and Coverage F — Medical Payments to Others:
> a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
> (1) any aircraft; or
> (2) any motor vehicle owned or operated by, or rented or loaned to any Insured; but this subdivision (2) does not apply to bodily injury or property damage occurring on the residence premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the residence premises or kept in dead storage on the residence premises; or
> (3) any recreational motor vehicle owned by any Insured, if the bodily injury or property damage occurs away from the residence premises; but this subdivision (3) does not apply to golf carts while used for golfing purposes.

The policy defines "motor vehicle" as

> a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto) but does not include, except while being towed by or carried

on a motor vehicle, any of the following: utility, boat, camp or home trailer, recreational motor vehicle, crawler or farm type tractor, farm implement or, if not subject to a motor vehicle registration, any equipment which is designed for use principally off public roads.

The law on insurance contract construction is well settled. An ambiguous contract provision must be construed against the insurer and in favor of the insured; further, exclusionary clauses are to be strictly construed against the insurer. *Engel v Credit Life Ins Co,* 145 Mich App 55, 61; 377 NW2d 342 (1985).

Applying these principles to the case at bar, we find that the term "motor vehicle" is ambiguous and should be construed against the insurer. Home Owners defines the term "motor vehicle" by adding the word "land" and then listing two other vehicles which qualify as motor vehicles and nine vehicles which do not, without any guidance as to whether mopeds qualify. A description of the physical characteristics of a motor vehicle would have been more helpful. Without such a physical description against which to measure a moped and no specific mention of moped in the lists of vehicles included or excluded from the definition of "motor vehicle" the term is ambiguous and we will construe it against the insurer, allowing insurance coverage for plaintiff's claim.

We note that Home Owners does not contend that a moped is a recreational motor vehicle, and therefore excluded under that provision. For that reason we do not address the question.

Reversed.