FARM BUREAU MUTUAL INSURANCE COMPANY v STARK

Docket Nos. 109258, 109476. Submitted May 2, 1989, at Marquette.
Decided September 5, 1989. Leave to appeal applied for.

Karl Helwig was struck and injured by a moped owned by
Timothy Stark and operated by his minor son, Patrick Stark.
Karl and Opal Helwig then brought a personal injury suit
against Timothy and Patrick Stark. Farm Bureau Mutual
Insurance Company then brought an action in the Marquette
Circuit Court against the Starks seeking a declaratory judg-
ment that it was not obligated to provide coverage for the
accident under a homeowners' policy issued to Timothy Stark
and that it had no duty to defend the Starks in the action
brought by the Helwigs. The Starks counterclaimed alleging
that Farm Bureau was contractually obligated to defend the
suit and provide coverage for the accident. The Helwigs then
intervened in the declaratory judgment action. All the parties
filed motions for summary disposition. The trial court, Ray-
mond J. Jason, J., concluded that the moped was a land motor
vehicle which was properly excluded from coverage under the
homeowner's policy and that Farm Bureau had no duty to
defend the Starks on the Helwigs' suit. The Starks appealed in
Docket No. 109476 and the Helwigs, as intervening defendants,
appealed in Docket No. 109258. The appeals were consolidated
by the Court of Appeals.

The Court of Appeals *held:*

The circuit court erred in finding that Farm Bureau's policy
was unambiguous in its exclusion of mopeds as being motor
vehicles. The language in the policy was ambiguous regarding
whether mopeds fell within the definition of a motor vehicle.
The policy exclusion in this case did not specifically exclude
coverage for accidents involving mopeds.

Reversed.

MacKENZIE, J., concurred with the majority to the extent

REFERENCES

Am Jur 2d, Insurance §§ 269 *et seq.*

See the Index to Annotations under Insurance and Insurance
Companies.

that she agrees that the trial court should have followed *Westen v Karwat,* 157 Mich App 261 (1987).

1. INSURANCE — JUDICIAL CONSTRUCTION — CONTRACTS.

An ambiguous provision in an insurance contract must be construed against the insurer and in favor of the insured.

2. INSURANCE — JUDICIAL CONSTRUCTION — CONTRACTS — EXCLUSIONARY CLAUSES.

Exclusionary clauses in insurance policies are to be strictly construed against the insurer.

*McDonald & Marin* (by *William I. McDonald*), for Farm Bureau Mutual Insurance Company.

*Michael G. Summers,* for Timothy and Patrick Stark.

*Kendricks, Bordeau, Adamini, Keefe, Smith & Girard, P.C.* (by *Ronald D. Keefe*), for Karl and Opal Helwig.

Before: MURPHY, P.J., and MACKENZIE and GRIFFIN, JJ.

MURPHY, P.J. In these consolidated appeals, the circuit court entered a judgment in favor of plaintiff, Farm Bureau Mutual Insurance Company. Essentially, the lower court concluded that plaintiff's homeowner's policy issued to defendant Timothy Stark excluded coverage for an accident in which Timothy Stark's minor son, Patrick Stark, who was riding a moped, struck and injured intervening defendant Karl Helwig. Moreover, the court concluded that plaintiff had no obligation to defend the Starks in a personal injury action brought against them by the Helwigs. The Starks now appeal as of right challenging the lower court's judgment in Docket No. 109476 and the Helwigs, as intervening defendants, likewise challenge the lower court's judgment in Docket No.

109258. The appeals were consolidated by the Court of Appeals.

On August 13, 1985, Karl Helwig was struck and injured by a moped owned by Timothy Stark and operated by his minor son, Patrick. This matter commenced with the Helwigs filing a personal injury suit against the Starks. Plaintiff then filed a complaint seeking a declaratory judgment that it was not obligated to provide coverage for the accident and that it had no duty to defend the Starks in the action brought against them by the Helwigs. The Starks then counterclaimed in the declaratory action alleging that plaintiff was contractually obligated to both defend and to provide coverage for the accident. The Helwigs then intervened in the declaratory action. All three parties filed competing summary disposition motions pursuant to MCR 2.116(C)(10), no genuine issue of material fact. The court issued an opinion concluding that Timothy Stark's moped was a land motor vehicle which was properly excluded from coverage under plaintiff's homeowner's policy and that plaintiff had no duty to defend the Starks on the Helwigs' suit. Both the Starks and Helwigs now appeal as of right.

Appellants first claim that the circuit court erred in finding that plaintiff's policy was unambiguous in its exclusion of mopeds as being motor vehicles. We agree.

This Court in *Engel v Credit Life Ins Co*, 145 Mich App 55, 61; 377 NW2d 342 (1985), stated:

> An ambiguous contract provision must be construed against the insurer/drafter and in favor of the insured. *Kast v Citizens Mutual Ins Co*, 125 Mich App 309; 336 NW2d 18 (1983); *Usher v St Paul Fire & Marine Ins Co*, 126 Mich App 443; 337 NW2d 351 (1983); *Farm Bureau Mutual Ins Co of*

*Michigan v Hoag,* 136 Mich App 326; 356 NW2d 630 (1984); *Reurink Bros Star Silo, Inc v Maryland Casualty Co,* 131 Mich App 139; 345 NW2d 659 (1983). "[I]t is hornbook law that insurance contract ambiguity is construed against the drafter, the insurer." *Mays v Ins Co of North America,* 407 Mich 165, 172; 284 NW2d 256 (1979).

In particular, exclusionary clauses in insurance policies are to be strictly construed against the insurer. *Arrigo's Fleet Service, Inc v Aetna Life & Casualty Co,* 54 Mich App 482; 221 NW2d 206 (1974), lv den 392 Mich 812 (1974); *Reurink Bros, supra.*

Plaintiff's homeowner's policy issued to Timothy Stark excluded coverage for personal liability and medical payments to others arising out of the ownership, maintenance or use, including the loading or unloading, of motor vehicles, aircraft, or watercraft. Specifically, the pertinent policy language provided the following:

EXCLUSIONS—SECTION II

This policy does not apply:

\* \* \*

(b) under Coverages A and B, to the ownership, maintenance or use, including the loading or unloading of (1) motor vehicles, but this exclusion does not apply to bodily injury or property damage occurring on the residence premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the residence premises or kept in dead storage on the residence premises; or (2) aircraft, or (3) watercraft having inboard or inboard-outboard motor power of more than 50 horsepower or is a sailing vessel (with or without auxiliary power) 26 feet or more in overall length, but with respect to injury sustained by a residence employee while engaged in the employment of the Insured, part (1) of this exclusion does not apply;

\* \* \*

(i) under Coverages A and B, to any Recreational Motor Vehicle subject to the Motor Vehicle Registration Act or while any Recreational Vehicle:

(1) is used to carry persons for a charge;

(2) is used for business purposes;

(3) is rented to others; or

(4) is being operated in any prearranged or organized race, speed contest or other competitions.

This Court in *Westen v Karwat,* 157 Mich App 261; 403 NW2d 115 (1987), was called upon to determine whether similar homeowner's policy language had properly excluded coverage because a moped fell within the policy's definition of a motor vehicle. In *Westen,* the plaintiff was the personal representative of the estate of a girl who died from injuries suffered after she was struck by a moped. The trial court held that a moped was a motor vehicle under the terms of the exclusion in the insurance policy. The policy in *Westen* defined "motor vehicle" almost identically as it is defined in the instant case. The only difference is that in *Westen* a motor vehicle was defined as not including a crawler or farm-type tractor and farm implement, while in this case a motor vehicle is defined as not including a farm trailer, farm tractor and farm implement. The policy here states:

c. "motor vehicle": means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto) but does not include, except while being towed by or carried on a motor vehicle, any of the following: utility, boat, camp or home trailer, recreational motor vehicle, farm trailer, farm tractor, farm implement or, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads.

* * *

f. "recreational motor vehicles": means (1) a golf cart or snowmobile or (2) if not subject to motor vehicle registration, any other land motor vehicle designed for recreational use off public roads.

This Court in *Westen* concluded that coverage would be allowed because the term motor vehicle was ambiguous, offering no guidance whatsoever as to whether mopeds fell within the definition.

[W]e find that the term "motor vehicle" is ambiguous and should be construed against the insurer. Home Owners defines the term "motor vehicle" by adding the word "land" and then listing two other vehicles which qualify as motor vehicles and nine vehicles which do not, without any guidance as to whether mopeds qualify. A description of the physical characteristics of a motor vehicle would have been more helpful. Without such a physical description against which to measure a moped and no specific mention of moped in the lists of vehicles included or excluded from the definition of "motor vehicle" the term is ambiguous and we will construe it against the insurer, allowing insurance coverage for plaintiff's claim. [*Westen, supra,* p 264.]

We are persuaded that the reasoning employed by this Court in *Westen* is equally applicable to the facts of this case. Although the trial court chose not to follow *Westen* as binding authority, we hold that the court erred in concluding that the language in this policy is not so ambiguous as to require the result reached in *Westen.*

We also note that another panel of this Court in *Fire Ins Exchange v Fox,* 167 Mich App 710; 423 NW2d 325 (1988), reached a result contrary to that in *Westen.* However, the policy provision in *Fire Ins Exchange* defined motor vehicle as "a motor-

ized land vehicle, including a trailer, semi-trailer or *motorized bicycle,* designed for travel on public roads." (Emphasis added.) Because the policy language in the instant case is for all intents and purposes identical to the language construed by this Court in *Westen,* and the policy exclusion in this case did not specifically exclude coverage for motorized bicycles designed for travel on public roads, we conclude that plaintiff did not sufficiently exclude coverage for accidents involving mopeds. Having determined that reversal is required on this issue, we need not address appellants' remaining claims of error.

Reversed and remanded for proceedings consistent with this opinion.

GRIFFIN, J., concurred.

MACKENZIE, J., concurred with the majority to the extent that she agrees the trial court should have followed *Westen..*