LAMOTTE v MILLERS NATIONAL INSURANCE COMPANY

Docket No. 107368. Submitted July 27, 1989, at Detroit. Decided September 18, 1989. Leave to appeal applied for.

William Lamotte was killed while driving a semi-tractor which he owned. At the time of the accident, the tractor was permanently leased to T & T Trucking and trip-leased to Distribution Carrier, Inc. Lamotte was the named insured under a no-fault policy issued by Millers National Insurance Company which contained an endorsement which provided that Michigan personal injury and property protection benefits under the policy would not apply if anyone who leased the vehicle provided such coverage. Distribution Carrier was insured by Forum Insurance Company, with additional cargo-only coverage from St. Paul Insurance Company. At the time of the accident, the deceased's wife, Roberta Lamotte, owned a vehicle insured by State Farm Automobile Insurance Company and the deceased's mother-in-law, who resided in the Lamotte household, owned a vehicle covered by a policy issued by Auto Club Insurance Association. Roberta Lamotte brought an action in Wayne Circuit Court against Millers National, Forum and St. Paul, seeking no-fault benefits. St. Paul was dismissed from the suit, Millers National settled with plaintiff for $30,000, and Forum was dismissed with prejudice by stipulation. Millers National brought a third-party action against State Farm and Auto Club, claiming that its coverage was specifically excluded by the endorsement and that State Farm and Auto Club were therefore primarily liable for the no-fault benefits. State Farm and Auto Club moved for summary disposition. The trial court, Thomas J. Brennan, J., granted summary disposition, holding that the endorsement was not applicable and that, in any event, by its own terms, the endorsement would relieve Millers National of liability only if there was liability on the part of Forum. Millers National appealed.

The Court of Appeals *held:*

1. The endorsement contained in the Millers National policy

REFERENCES

Am Jur 2d, Automobile Insurance §§ 2-4, 437, 443.
See the Index to Annotations under Other Insurance.

was unambiguous; however, it would only serve to resolve a dispute over liability between Millers National and Forum.

2. Since its 1980 amendment, the no-fault act does not bar the insurer of a named insured from bringing an action for recoupment against the insurer of a spouse or the insurer of a resident relative where the injury to the named insured arises out of a motor vehicle accident rather than a motorcycle accident. Since Millers National, State Farm and Auto Club are insurers of the same priority, Millers National is entitled to partial recoupment of the benefits it paid.

Reversed and remanded.

1. CONTRACTS — AMBIGUITIES — JUDICIAL CONSTRUCTION.

A contract which fairly admits of but one interpretation is not ambiguous, and where there is no ambiguity, contract construction is a question of law for the trial court's determination.

2. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENEFITS — PRIORITY OF INSURERS — RECOUPMENT.

The no-fault insurer of an injured named insured who is also entitled to coverage for personal protection benefits as the spouse of an insured and as a resident relative of an insured under other policies is an insurer of the same order of priority as the insurers of the spouse and resident relative and may seek partial recoupment from those other insurers, provided the injuries do not arise out of a motorcycle accident (MCL 500.3114[1], 500.3115; MSA 24.13114[1], 24.13115).

*Donald J. Morbach & Associates, P.C.* (by *Richard G. Brewer*), for Millers National Insurance Company.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Michael P. Daniels*), for State Farm Automobile Insurance Company.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Michael D. Smith*), for Auto Club Insurance Association.

Before: SAWYER, P.J., and DOCTOROFF and R. B. BURNS,* JJ.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

DOCTOROFF, J. Defendant third-party plaintiff Millers National Insurance Company appeals as of right the March 25, 1988, order granting summary disposition to third-party defendants State Farm Automobile Insurance Company and Auto Club Insurance Association pursuant to MCR 2.116(C)(10). The trial court found that Millers' failure to fill out a policy endorsement meant that the exclusion in the endorsement was, by its own terms, of no effect. We reverse and remand.

The facts are not in dispute. Plaintiff's decedent, William Lamotte, was killed on March 17, 1985, in North Carolina while driving his 1976 Kenworth semi-tractor. At the time of the accident, the tractor was permanently leased to T & T Trucking and trip-leased to Distribution Carrier, Inc. (DCI). Lamotte was insured by Millers with a policy which was in effect from August 6, 1984, through August 6, 1985. DCI was insured by Forum Insurance Company with additional "cargo only" insurance provided by St. Paul Insurance Company.

Millers states in its brief that Lamotte was driving a 1977 GMC truck. However, the lower court record reveals that included with Millers' response to third-party defendant State Farm Insurance Company's motion for summary disposition is a copy of the March 15, 1985, "lease or interchange agreement" between Lamotte and DCI, wherein the "equipment information" identified a 1976 Kenworth. Further, Millers' contract of insurance contained a "change of automobile endorsement," dated December 18, 1984, which cancelled insurance for the 1977 GMC tractor and began coverage for the 1976 Kenworth tractor.

At the time of the accident, Lamotte was also insured under a policy issued by State Farm to plaintiff, Roberta Lamotte, William Lamotte's wife.

Auto Club had issued a policy to plaintiff's mother who resided in the Lamotte household.

Plaintiff commenced an action against Millers, Forum and St. Paul for survival loss benefits pursuant to MCL 500.3108; MSA 24.13108. St. Paul was dismissed from the suit. Millers settled with plaintiff for $30,000, and, on March 2, 1988, Forum was dismissed with prejudice by stipulation. Millers then brought a third-party complaint against State Farm and Auto Club, claiming that an endorsement in their (Millers') policy specifically excluded coverage if the named insured was using his tractor for commercial purposes, and that, therefore, State Farm and Auto Club were first in priority pursuant to MCL 500.3114; MSA 24.13114 or MCL 500.3163; MSA 24.13163.

The trial court, in granting summary disposition to State Farm and Auto Club, found that Millers' failure to fill out its own endorsement regarding waiver of coverage under certain circumstances meant that the endorsement was of no effect. The trial court stated that, even if the endorsement were operative, by the terms of Millers' own insurance contract, the dispute would be between Millers and Forum.

On appeal, Millers claims that the trial court erred in finding an ambiguity because, as only one vehicle was insured, that vehicle was covered and there was no ambiguity.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *St Paul Fire & Marine Ins Co v Quintana*, 165 Mich App 719, 722; 419 NW2d 60 (1988), lv den 430 Mich 885 (1988). In ruling on the motion, the trial court must consider not only the pleadings but also any depositions, affidavits, admissions, or other documentary evidence submitted by the parties. MCR 2.116(G)(5). The test is whether the kind

of record which might be developed, giving the benefit of any reasonable doubt to the nonmoving party, would leave open an issue upon which reasonable minds might differ. *Linebaugh v Berdish,* 144 Mich App 750, 754; 376 NW2d 400 (1985). The motion must not be granted unless the trial court is satisfied that the nonmoving party's claim is impossible to support because of some deficiency which cannot be overcome. *Dzierwa v Michigan Oil Co,* 152 Mich App 281, 284; 393 NW2d 610 (1986). This Court is liberal in finding a genuine issue of material fact. *Linebaugh, supra.*

In *Allstate Ins Co v Miller,* 175 Mich App 515, 519; 438 NW2d 638 (1989), this Court reiterated the basic rules applicable to the construction of insurance contracts as follows:

> Insurance contracts must be interpreted by reading them as a whole. *Boyd v General Motors Acceptance Corp,* 162 Mich App 446, 452; 413 NW2d 683 (1987). The contract language must be given its ordinary and plain meaning, not a technical or strained construction. *Wilson v Home Owners Mutual Ins Co,* 148 Mich App 485, 490; 384 NW2d 807 (1986). If, after reading the entire contract, it can reasonably be understood in different ways—one providing coverage and the other excluding coverage—the ambiguity is to be liberally construed against the insurer and in favor of coverage. *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 362; 314 NW2d 440 (1982), reh den 412 Mich 1119 (1982). Furthermore, exclusionary clauses in insurance contracts are to be strictly construed against the insurer. *Westen v Karwat,* 157 Mich App 261, 264; 403 NW2d 115 (1987). But, where the contract language is clear, unambiguous, and not in contravention of public policy, its terms will be enforced as written. *Raska, supra,* pp 361-362; *Usher v St Paul Fire & Marine Ins Co,* 126 Mich App 443, 447; 337 NW2d 351 (1983).

Further, where there is no ambiguity, contract construction is a question of law for the trial court's determination. *Hafner v DAIIE,* 176 Mich App 151, 155; 438 NW2d 891 (1989).

Although not the dispositive issue of the case, we find that Millers' insurance contract was not ambiguous, that the endorsement was in effect and that the exclusion applied. The declarations page of Millers' policy clearly states in typewritten language that the disputed endorsement, CA 2310, is "contained in this policy at its inception." Further, the endorsement states that "the following need be completed only when the endorsement is issued subsequent to preparation of the policy."

Endorsement CA 2310, the disputed endorsement, states in pertinent part:

> TRUCKERS—INSURANCE FOR NON-TRUCKING USE (MICHIGAN)
>
> * * *
>
> · B. Michigan Personal Injury and Property Protection coverages do not apply to bodily injury or property damage resulting from the operation, maintenance or use of the covered auto in the business of anyone to whom it is leased or rented if the lessee has Michigan Personal Injury and Property Protection coverages on the auto.

Because the declarations page clearly states in typewritten language that CA 2310 is part of the policy at its inception, and because the endorsement states that it need be filled out only if issued subsequent to the preparation of the policy, the blank endorsement was part of the policy and was in full effect at the time of Lamotte's accident to exclude coverage for the commercial use of his vehicle if DCI had Michigan personal injury and property protection coverages on the vehicle. However, this conclusion only resolves the issue of

whether it is Millers or Forum which is responsible to plaintiff for PIP benefits, in this case an interesting but irrelevant academic exercise.

The more difficult question, and the dispositive issue of the case, is whether State Farm and Auto Club are relieved of liability. Contrary to what State Farm and Auto Club argue, the language in the exclusion does not create a mutually exclusive situation wherein sole liability goes to either Millers or Forum. As will be explained, pursuant to MCL 500.3114(1); MSA 24.13114(1), as amended, regardless of which party is liable as between Millers and Forum, State Farm and Auto Club stand in the same order of priority and, therefore, summary disposition as to State Farm and Auto Club was improper. This conclusion is derived from a construction of the above mentioned statute.

We note first some basic rules of statutory construction. Where the language of a statute is clear and unambiguous, judicial interpretation is neither required nor permitted, and this Court should not look beyond the ordinary meaning of that unambiguous language in giving effect to the statute. *Attard v Adamczyk,* 141 Mich App 246, 250; 367 NW2d 75 (1985). In construing a statute, a court is to presume that every word has some force or meaning, and we are to avoid any construction which would render a statute or any portion of it nugatory. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956). We are to assume that the express mention of any one thing in the statute implies the exclusion of other similar things. *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971).

The first subsection of MCL 500.3114; MSA 24.13114, prior to its amendment in 1980 which was effective January 15, 1981, stated as follows:

(1) Except as provided in subsections (2) and (3), a personal protection insurance policy applies to accidental bodily injury to the person named in the policy, his spouse, and a relative of either domiciled in the same household. When personal protection insurance benefits are payable to or for the benefit of an injured person under his own policy and would also be payable under the policy of his spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer.

Clearly, if this statute were applicable to the case at bar, Millers or Forum would be solely responsible and not entitled to recoupment from State Farm or Auto Club.

However, in 1980 the Legislature rewrote subsection (1) to read as follows:

(1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. A personal injury insurance policy described in section 3103(2)applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motorcycle accident. When personal protection insurance benefits or personal injury benefits described in section 3103(2) are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer.

The first sentence in the amended statute is essentially the same as the first sentence in the

prior statute. The second sentence is new and applies only to motorcycle policies.[1] The third sentence, which incorporates the recoupment language of the second sentence of the former statute, as a result of the amendment, applies only to motorcycle policies. Hence, the Legislature, in amending the statute, made a substantial change. Language of the former statute which established the clear priority of the insurer of a named insured over the insurers of his or her spouse or domiciled relatives is applicable now *only* to motorcycle policies. The conclusion to be drawn is that, because the law prior to the amendment had language which established priority in all cases and the Legislature changed it to language which established priority only in motorcycle policies, the Legislature, thus, intended that in all other policies the insurers of persons named in the policies stand in the same order of priority as the insurers of their spouses or relatives domiciled in the same household. Hence, State Farm and Auto Club stand in the same order of priority to Millers, and Millers is entitled to partial recoupment from State Farm and Auto Club pursuant to MCL 500.3115(2); MSA 24.13115(2), which provides as follows:

---

[1] MCL 500.3103(2); MSA 24.13103(2) provides:

Each insurer transacting insurance in this state which affords coverage for a motorcycle as described in subsection (1) shall also offer, to an owner or registrant of a motorcycle, security for the payment of first-party medical benefits only, in increments of $5,000.00, payable in the event the owner or registrant is involved in a motorcycle accident. An insurer providing first-party medical benefits may offer, at appropriate premium rates, deductibles, provisions for the coordination of these benefits, and provisions for the subtraction of other benefits provided or required to be provided under the law of any state or the federal government, subject to the prior approval of the commissioner. These deductibles and provisions shall apply only to benefits payable to the person named in the policy, the spouse of the insured, and any relative of either domiciled in the same household.

> When 2 or more insurers are in the same order
> of priority to provide personal protection insur-
> ance benefits an insurer paying benefits due is
> entitled to partial recoupment from the other
> insurers in the same order of priority, together
> with a reasonable amount of partial recoupment of
> the expense of processing the claim, in order to
> accomplish equitable distribution of the loss
> among such insurers.

The conclusion we reach today is consistent with
MCL 500.3115(3); MSA 24.13115(3), which prevents
multiple recovery to the injured person when two
or more insurers are involved as follows:

> (3) A limit upon the amount of personal protec-
> tion insurance benefits available because of acci-
> dental bodily injury to 1 person arising from 1
> motor vehicle accident shall be determined with-
> out regard to the number of policies applicable to
> the accident.

Our conclusion today is also consistent with *Lee
v DAIIE,* 412 Mich 505, 515; 315 NW2d 413 (1982),
wherein the Court stated:

> Reference to other provisions of the no-fault act
> not directly implicated in the issue before us,
> particularly §§ 3114 and 3115, suggests strongly
> that the Legislature, in its broader purpose, in-
> tended to provide benefits whenever, as a general
> proposition, an insured is injured in a motor vehi-
> cle accident, whether or not a registered or cov-
> ered motor vehicle is involved; and in its narrower
> purpose intended that an injured person's personal
> insurer stand primarily liable for such benefits
> whether or not its policy covers the motor vehicle
> involved and even if the involved vehicle is cov-
> ered by a policy issued by another no-fault insurer.

Our conclusion is also consistent with the hold-

ing in *Michigan Mutual Ins Co v Allstate,* 426 Mich 346, 352; 395 NW2d 192 (1986), wherein LEVIN, J., writing for the Court, stated: "[A]n insurer of an injured person's spouse and the insurer of a relative domiciled in the same household are in the same order of priority." We note that the underlying accident in *Michigan Mutual* occurred prior to the statute's amendment in 1980. Hence, the dicta in that opinion has reference to the former statute.[2]

Following the opinion in *Michigan Mutual,* the Supreme Court decided *DAIIE v Home Ins Co,* 428 Mich 43; 405 NW2d 85 (1987). *DAIIE* was also a case wherein the underlying accident occurred prior to the amendment of the statute. In a footnote, the Court quoted the statute as amended but then went on to analyze the case pursuant to the former statute. In *DAIIE,* the Court disapproved of this Court's opinion in *State Farm Fire & Casualty Co v Citizens Ins Co of America,* 100 Mich App 168; 298 NW2d 651 (1980). *DAIIE, supra* at 49. We specifically note this disapproval because defendants in the case at bar cite not only *State Farm* but also cases which followed *State Farm* and which are no longer good law. Defendants also cite *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231; 293 NW2d 594 (1980). However, *Belcher* construes the former statute and is inapplicable to the case at bar.

Finally, Millers claims that there is a fact question because of the possibility that DCI could be considered an owner of the motor vehicle involved in the accident by virtue of their right to possession and control. That claim has no merit because the issue was not decided by the trial court and,

[2] The quoting of the language of the statute with its 1980 amendments in footnote 3 of that opinion appears to be a result of inadvertence.

more importantly, this Court has held that a trip-lease arrangement is not equal to ownership. *Huber v Frankenmuth Mutual Ins Co,* 160 Mich App 568, 578; 408 NW2d 505 (1987). See also *Transport Ins Co v Home Ins Co,* 134 Mich App 645, 654; 352 NW2d 701 (1984).

Reversed and remanded for entry of an order consistent with this opinion.