LaMOTTE v MILLERS NATIONAL INSURANCE COMPANY

Docket Nos. 87832, 87833. Argued January 8, 1991 (Calendar No. 1).
  Decided August 22, 1991.
    Roberta LaMotte brought an action in the Wayne Circuit Court
    against Millers National Insurance Company and Forum Insur-
    ance Company, seeking no-fault survivor's loss personal protec-
    tion insurance benefits arising from the death of her husband,
    William LaMotte, as a result of a single-vehicle accident involv-
    ing a tractor owned by William LaMotte and, at the time of the
    accident, leased to T & T Trucking and trip-leased to Distribu-
    tion Carriers, Inc. LaMotte carried no-fault insurance through
    Millers, and Forum insured DCI. The court, Thomas J. Brennan,
    J., dismissed Forum Insurance with prejudice. Millers National
    settled with the plaintiff and thereafter filed a third-party
    action for recoupment under § 3114 of the no-fault act against
    State Farm Automobile Insurance Company, Roberta LaMotte's
    insurer, and Auto Club Insurance Association, insurer of Rober-
    ta's mother who resided in the LaMotte household. The court
    granted summary disposition for the third-party defendants.
    The Court of Appeals, SAWYER, P.J., and DOCTOROFF and R. B.
    BURNS, JJ., reversed, finding that Millers National was entitled
    to recoupment as a result of 1980 PA 445, which amended
    § 3114(1) to provide that an injured person's insurer is in the
    same level of priority as the insurer of the spouse, relative, or
    relative's spouse (Docket No. 107368). State Farm and Auto
    Club appeal.

      In a unanimous opinion by Justice LEVIN, the Supreme Court
    held:

      Millers National Insurance Company is not entitled to re-
    coupment. The Legislature intended no change in the priority
    scheme set forth in § 3114(1), except to include insurers of
    motorcycles who provide personal injury benefits described in
    § 3103(2).

      The provision in 1980 PA 445, MCL 500.3114(1); MSA
    24.13114(1), that a personal injury insurance policy described in
    § 3103(2) applies to accidental bodily injury to the person
    named in the policy, the person's spouse, and a relative of
    either domiciled in the same household was not intended to
    change the priority scheme of § 3114(1) except to include insur-

ers of motorcycles who provide personal injury benefits described in § 3103(2). Thus, where personal protection insurance benefits or personal injury benefits described in § 3103(2) are payable to or for the benefit of an injured person under a personal policy and would also be payable under the policy of a spouse, relative, or relative's spouse, the injured person's insurer must pay all the benefits and is not entitled to recoupment. The legislative history of 1980 PA 445 indicates that the Legislature intended no change in § 3114(1) except to include motorcycles in its priority scheme. The phrase "described in § 3103(2)" modifies only "personal injury benefits," not personal protection insurance benefits.

Reversed.

180 Mich App 271; 446 NW2d 632 (1989) reversed.

*Morbach, Toppin & Brewer, P.C.* (by *Richard G. Brewer*), for defendant Millers National Insurance Company.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Michael P. Daniels*), for third-party defendant State Farm Mutual Automobile Insurance Company.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Michael D. Smith*); (*Nancy L. Bosh,* of counsel) for third-party defendant Auto Club Insurance Association.

LEVIN, J. Before the enactment of 1980 PA 445, § 3114 of the no-fault automobile liability act[1] provided that "[w]hen personal protection insurance benefits are payable to or for the benefit of an *injured person under his own policy* and would also be payable under the policy of his spouse, relative, or relative's spouse, the *injured person's insurer* shall pay all of the benefits and shall not be entitled to recoupment from the other insurer." (Emphasis added.)

Act 445 added "or personal injury benefits de-

[1] MCL 500.3114(1); MSA 24.13114(1).

scribed in section 3103(2)" between "personal protection insurance benefits" and "are payable." The Court of Appeals held that as a result of the amendment, an injured person's insurer, who, prior to the amendment, was primary and could not obtain recoupment from the insurer of the injured person's spouse, relative, or relative's spouse, was placed in the same level of priority as the insurer of the spouse, relative, or relative's spouse, and was "entitled to recoupment from the other insurer."[2] We reverse.

I

Plaintiff's decedent, William LaMotte, a truck driver, owned a Kenworth tractor. The tractor was leased to T & T Trucking and trip-leased to Distribution Carriers, Inc., when LaMotte died in a single-vehicle accident while driving the rig through North Carolina in March, 1985.

LaMotte had no-fault insurance for the truck with Millers National Insurance Company. Dci was insured by Forum Insurance Company.

LaMotte was also deemed, by § 3114 of the no-fault act,[3] to be insured under a policy issued by State Farm Automobile Insurance Company to his wife, Roberta LaMotte, and also under a policy issued by Auto Club Insurance Association to his wife's mother, who resided in the LaMotte household.

This action was commenced against Millers Na-

---

[2] *LaMotte v Millers Nat'l Ins Co*, 180 Mich App 271; 446 NW2d 632 (1989).

[3] Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. [MCL 500.3114(1); MSA 24.13114(1).]

tional and Forum Insurance Company, seeking survivor's loss[4] personal protection insurance benefits. Forum Insurance was dismissed with prejudice. Millers National settled with the plaintiff, Roberta LaMotte, for $30,000, and then filed a third-party complaint against State Farm and Auto Club, seeking recoupment.[5]

II

Section 3114(1), before amendment in 1980, read as set forth in the margin.[6] The 1980 amendment added the italicized words in the current version of § 3114(1) set forth in the margin.[7]

---

[4] MCL 500.3108; MSA 24.13108.

[5] Millers sought recoupment under § 3114, and also on the basis that an endorsement in its policy specifically excluded coverage if the named insured was using the tractor for commercial purposes.

We agree with the Court of Appeals that resolution of the meaning and effect of the endorsement

only resolves the issue of whether it is Millers or Forum which is responsible to plaintiff for PIP benefits, in this case an interesting but irrelevant academic exercise.

The more difficult question, and the dispositive issue of the case, is whether State Farm and Auto Club are relieved of liability. [LaMotte, n 2 supra, pp 276-277.]

[6] Except as provided in subsections (2) and (3), a personal protection insurance policy applies to accidental bodily injury to the person named in the policy, his spouse, and a relative of either domiciled in the same household. When personal protection insurance benefits are payable to or for the benefit of an injured person under his own policy and would also be payable under the policy of his spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer. [MCL 500.3114(1); MSA 24.13114(1).]

[7] Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. A personal injury insurance policy described in sec-

The Court of Appeals observed that the first sentence of §3114(1) remained essentially unchanged, and that the second sentence is "new and applies only to motorcycle policies."[8] It is the Court of Appeals interpretation of the third sentence with which we disagree. The Court of Appeals read the amendment as providing that the insurer of the injured person was primary "now *only* to motorcycle policies."[9]

The legislative history of Act 445 indicates that the Legislature intended no change except to include motorcycles in the priority scheme set forth

tion 3103(2) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motorcycle accident. When personal protection insurance benefits or personal injury benefits *described in section 3103(2)* are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer. [MCL 500.3114(1); MSA 24.13114(1).]

[8] *LaMotte*, n 2 *supra*, p 279.
[9] *Id.*, 279 (emphasis in original).
The Court of Appeals said:

The third sentence, which incorporates the recoupment language of the second sentence of the former statute, as a result of the amendment, applies only to motorcycle policies. Hence, the Legislature, in amending the statute, made a substantial change. Language of the former statute which established the clear priority of the insurer of a named insured over the insurers of his or her spouse or domiciled relatives is applicable now *only* to motorcycle policies. The conclusion to be drawn is that, because the law prior to the amendment had language which established priority in all cases and the Legislature changed it to language which established priority only in motorcycle policies, the Legislature, thus, intended that in all other policies the insurers of persons named in the policies stand in the same order of priority as the insurers of their spouses or relatives domiciled in the same household. Hence, State Farm and Auto Club stand in the same order of priority to Millers, and Millers is entitled to partial recoupment from State Farm and Auto Club . . . . [*Id.*]

in § 3114(1). The House Legislative Analyses indicate that the Legislature's purpose was to add motorcycles to the "insurance priority scheme" already established by § 3114(1).[10]

We are persuaded that "described in section 3103(2)" modifies only "personal injury benefits" and not personal protection insurance benefits.

### III

Personal protection insurance benefits, often described as "PIP" benefits, are payable in respect to a "[m]otor vehicle accident," which by definition "means a loss involving the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle . . . ."[11] "Motor vehicle" is defined for this purpose as not including a motorcycle.[12] Survivor's loss benefits are among the personal protection insurance benefits payable where there is a motor vehicle accident "regardless of whether the accident also involves the ownership, operation, maintenance, or use of a motorcycle as a motorcycle."[13]

Act 445 elaborated on the insurance previously required of the owner or registrant of a motorcycle. In all events, § 3103, as amended by Act 445, only *requires* the owner or registrant of a motorcycle to provide "personal injury benefits" for the benefit of third persons, and does not provide for personal protection insurance benefits in respect to a motorcycle accident that, by definition, "means a loss involving the ownership, operation, mainte-

[10] In the original HB 5623, motorcycle coverage is dealt with in a separate subsection of § 3114, with § 3114(1), pertaining to motor vehicles other than motorcycles, remaining substantially unchanged. The use of commas, before the "or" and after "3103(2)," might have clarified the legislative intent.

[11] MCL 500.3101(2)(f); MSA 24.13101(2)(f).

[12] MCL 500.3101(2)(e); MSA 24.13101(2)(e).

[13] MCL 500.3101(2)(f); MSA 24.13101(2)(f).

nance, or use of a motorcycle as a motorcycle, but not involving the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle."[14]

IV

We conclude that the Legislature intended no change in the priority scheme set forth in § 3114(1), except to include the insurers of motorcycles who provide personal injury benefits described in § 3103(2).

Reversed.

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred with LEVIN, J.

[14] MCL 500.3101(2)(d); MSA 24.13101(2)(d).